Marwa **IMKIE**, Appellant,

v.

The **METHODIST HOSPITAL**, Appellee.

No. 01–08–00831–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 10, 2010.

Marwa Imkie, Houston, TX, pro se.

Tracy Jackson Cowart, Eggleston & Briscoe, LLP, Houston, TX, for Appellant.

Matthew T. McCracken, De La Rosa & Chaumette, Oscar Luis De La Rosa, The De La Rosa Law Firm, Houston, TX, for Appellee.

Panel consists of Justices KEYES, ALCALA, and HANKS.

## OPINION ON REHEARING

ELSA ALCALA, Justice.

Appellant, Marwa Imkie, filed a motion for en banc reconsideration of our opinion on rehearing issued June 24, 2010 that upholds a summary judgment rendered in favor of appellee, The Methodist Hospital (hereinafter "Methodist"). Having received a response from Methodist, we withdraw our June 24, 2010 opinion and judgment, and issue this opinion and judgment in their stead. Because we withdraw our June 24, 2010 opinion, Imkie's motion for en banc reconsideration is rendered moot. *See Brookshire Brothers, Inc. v. Smith,* 176 S.W.3d 30, 33 (Tex.App.-Houston [1st Dist.] 2004, pet. denied) (op. on reh'g) (noting that motion for en banc reconsideration becomes moot when motion for rehearing is granted and new opinion and judgment issue). In two issues in her original appellant's brief, Imkie contends the trial court erred by granting the no-evidence motion for summary judgment filed by Methodist and by denying her motion for a new trial. We conclude that the trial court properly granted the motion for summary judgment and did not abuse its discretion by denying the motion for new trial. We affirm the ruling of the trial court.

## Background

In 2006, Imkie slipped and fell outside Methodist's pathology lab while working as a resident physician for the Baylor College of Medicine. Imkie alleges that she slipped due to a premises condition, the buildup of paraffin residue, and that Methodist was aware of this condition. Imkie filed a premises liability claim against Methodist.

Imkie was represented in her lawsuit by the Lanier Law Firm. When Lanier decided to stop representing Imkie, it gave her over three month's notice of that intent before it filed a motion to withdraw in the trial court. The trial court granted the motion to withdraw 19 days after Lanier filed it.

Shortly after Lanier withdrew from the case, Methodist filed a no-evidence motion for summary judgment on grounds that

Imkie had no evidence to prove the elements of her premises liability claim. Imkie, litigating pro se, did not file a response to the no-evidence motion but did show up at the hearing. The trial court granted summary judgment in favor of Methodist.

Imkie, acting pro se, timely filed a motion for new trial asking that the summary judgment be set aside so that she could hire an attorney and file a response to the motion for summary judgment. In the motion for new trial, Imkie acknowledged that she had received Methodist's no-evidence motion, she had received notice of the summary judgment hearing, and she had not filed a written response to the motion. She contended she did not have sufficient time to obtain an attorney prior to the summary judgment hearing. Imkie's pro se motion for new trial asserted that she was injured when she fell at the pathology laboratory due to paraffin on the floor and that Methodist was aware of the problem before her fall because she was told about others that had fallen there and that a mat had been requested. Imkie's pro se supplement to her motion for new trial added the explanation that she believed her presence in court on the date of the summary judgment hearing was all that was required to respond to the motion for summary judgment and that she was unaware that a written response was necessary. Neither her motion for new trial nor her supplemental motion for new trial included any affidavit attesting to any of the facts contained in the motions, nor did they include a written response to the no-evidence motion for summary judgment.

The trial court held an evidentiary hearing concerning her motion for new trial. By then, Imkie was represented by an attorney. Imkie's attorney did not provide a written response to the no-evidence motion for summary judgment, but he did provide Imkie's testimony. Concerning the merits of her lawsuit, Imkie stated that she fell at the pathology laboratory due to paraffin on the floor that was not visible. She testified that she was told by several people that others had also fallen at that location. She said that a mat was not placed there even though, according to what the lab manager told her, one was available. Methodist objected to her testimony as hearsay and as being inconsistent with statements Imkie had made in her deposition. During cross-examination, Imkie acknowledged that a doctor who saw her after the fall did not believe that she was injured in a fall and that she had an illness that pre-existed the fall. After the hearing, the trial court denied Imkie's motion for new trial. Imkie now appeals the grant of summary judgment and the denial of her motion for new trial.

## Motion for Summary Judgment

In her first issue, Imkie argues the trial court erred by granting Methodist's no-evidence motion for summary judgment.

### A. Applicable Law

We review summary judgments de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005). A no-evidence motion for summary judgment must be granted if, after adequate time for discovery, the moving party asserts there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial, and the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. TEX.R. CIV. P. 166a(i); *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex.2006).

A party who files a no-evidence summary judgment motion pursuant to Rule 166a(i) has essentially requested a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex.2006).

When the movant files its motion in proper form, the burden shifts to the nonmovant to defeat the motion by presenting evidence that raises an issue of material fact regarding the elements challenged by the motion. *Id.* at 582; *Landers v. State Farm Lloyds,* 257 S.W.3d 740, 744 (Tex. App.-Houston [1st Dist.] 2008, no pet.).

 Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i). *Landers,* 257 S.W.3d at 746; *Michael v. Dyke,* 41 S.W.3d 746, 751 (Tex.App.-Corpus Christi 2001, no pet.) ("[f]ailure to respond to a no-evidence motion is fatal"); *see* Tex.R. Civ. P. 166a(i). If a nonmovant wishes to assert that, based on the evidence in the record, a fact issues exists to defeat a no-evidence motion for summary judgment, the nonmovant must timely file a response to the motion raising this issue before the trial court. *Landers,* 257 S.W.3d at 746 (citing Tex.R. Civ. P. 166a(i)).

The Rules of Civil Procedure require that a non-movant respond to a motion for summary judgment at least seven days before the summary judgment hearing. *See* Tex.R. Civ. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the date of the hearing may file and serve opposing affidavits or other written response."). Rule 166a(c) further states, "No oral testimony shall be received at the hearing." *Id.*

**B. Analysis**

Methodist filed a motion that identifies the elements as to which there is no evidence, and the motion is in a form that is neither conclusory nor a general no-evidence challenge. *See* Tex.R. Civ. P. 166a(i); *Moreno,* 201 S.W.3d at 688. Methodist's no-evidence motion for summary judgment asserts it is entitled to summary judgment on Imkie's premises liability tort claim because there is no evidence that

(1) an unreasonably dangerous condition existed on Methodist's premises at the time of Imkie's fall,

(2) Methodist had any knowledge of any unreasonably dangerous condition,

(3) Methodist failed to take reasonable steps to reduce or eliminate any risk caused by the condition of the premises,

(4) Methodist's acts or omissions caused Imkie's injuries in any way, and

(5) there was any malice, extreme risk of injury, or actual subjective awareness of such risk on the part of Methodist.

 This no evidence motion for summary judgment challenges the elements of a premises liability claim, which are: (1) some condition on premises posed an unreasonable risk of harm; (2) the owner had actual or constructive knowledge of the condition; (3) the owner did not exercise reasonable care to reduce or eliminate the risk of harm; and (4) the owner's failure to use such care proximately caused the plaintiff's injuries. *See Moreno,* 201 S.W.3d at 688. The record undisputedly shows Imkie received timely notice of Methodist's summary judgment motion. *See* Tex.R. Civ. P. 166a(c). Imkie failed to file a written response to Methodist's motion for summary judgment, as required by the rules governing summary judgments. *See id.* Furthermore, Imkie did not file a motion for leave to file an untimely response. Because Imkie failed to make any response to the no-evidence motion for summary judgment, we hold the trial court properly rendered summary judgment in favor of Methodist. *Landers,* 257 S.W.3d at 746 (holding trial court did not err in granting no-evidence motion for

summary judgment in absence of timely response).

We overrule Imkie's first issue.

## Motion for New Trial

In her second issue, Imkie argues the trial court abused its discretion by denying her motion for a new trial.

### A. Standard of Review

■ We review a trial court's denial of a motion for a new trial for abuse of discretion. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex.2006). The trial court abuses its discretion if it acts without reference to any guiding principles or acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). Under an abuse of discretion standard, we view the evidence in the light most favorable to the trial court's actions. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.-Houston [1st Dist.] 1993, writ denied). When we determine whether the trial court abused its discretion, we may not substitute our judgment for that of the trial court unless its decision was so arbitrary that it exceeded the bounds of reasonableness. *Clarendon Nat'l Ins. Co. v. Thompson*, 199 S.W.3d 482, 494 (Tex.App.-Houston [1 Dist.] 2006, no pet.). Accordingly, we review the evidence submitted to the trial court in the light most favorable to that court's ruling, draw all legitimate inferences from the evidence, and defer to the trial court's resolution of conflicting evidence. *Id.*

### B. Time to Retain New Counsel

■ Imkie contends she should be granted a new trial on the grounds that she was not given sufficient opportunity to retain new counsel for the summary judgment hearing. She asserts her response to Methodist's motion for summary judgment was due on June 16, 2008, seven days before the summary judgment hearing, giving her only 14 days to find new counsel to respond to the motion. Imkie further claims her ability to locate new counsel was hindered by prejudicial statements made by opposing counsel and by the extent of her injuries.

The record shows that on December 26, 2007, the Lanier Law Firm notified her of its desire to withdraw as her counsel and two days later she signed an acknowledgment of that notification. On May 5, 2008, when the trial court granted Lanier's motion to withdraw as counsel, Imkie had over five months to obtain new counsel, but did not. She did not file a motion for continuance of the summary judgment hearing and did not request permission to file a late response. Besides conclusory assertions regarding her injuries and statements about Methodist's counsel's motives, Imkie failed to provide any evidence that her failure to have counsel at the hearing was not due to her own fault or negligence. *See State v. Crank*, 666 S.W.2d 91, 94 (Tex.1984) (concluding that, where absence of counsel is urged as grounds for continuance, party must show that failure to be represented at trial is not due to party's own fault or negligence) (citing *Counts v. Counts*, 358 S.W.2d 192, 200 (Tex.Civ.App.-Austin 1962, writ dism'd w.o.j.) (new trial will not be awarded to litigant whose counsel withdraws from case prior to trial but in time for litigant to engage services of another attorney)); *Wilborn v. GE Marquette Med. Sys., Inc.*, 163 S.W.3d 264, 270 (Tex.App.-El Paso 2005, pet. denied) (applying holding in *Crank* to context of summary judgment hearing). We hold that the trial court did not abuse its discretion by denying Imkie's motion for new trial. *Cf. Landers v. Adelson*, 788 S.W.2d 940, 941–42 (Tex.App.-Fort Worth 1990, no writ) (holding no abuse of discretion in denying continuance when client voluntarily agreed to with-

drawal of counsel and had almost four months to retain new counsel).

## C. *Craddock*

■ Imkie asserts that the trial court erred by denying her motion for a new trial because she claims that she established each of the elements for a new trial under the equitable principles of *Craddock*. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex.2009). In *Craddock*, the Texas Supreme Court held, that under equitable principles, a default judgment should be set aside when (1) the defendant establishes that the failure to answer was not intentional or the result of conscious indifference, but the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no undue delay or otherwise injure the plaintiff. *See Craddock*, 133 S.W.2d at 126.

Although *Craddock* originally applied to defendants, this Court extended its equitable principles to a plaintiff whose case was dismissed for lack of prosecution. *Rund v. Trans East, Inc.*, 824 S.W.2d 713, 717–19 (Tex.App.-Houston [1st Dist.] 1992, writ denied) (holding that plaintiffs met burden to establish first element because evidence showed "the *reason* for appellant's failure to timely file a motion to reinstate was directly attributable to reasonable reliance on misinformation and actions of the court officials" and other two elements were undisputed).[1]

## 1. Mistake or Accident

■ Imkie, the plaintiff seeking equitable relief for a summary judgment rendered against her, does establish the first modified *Craddock* element that requires proof that the underlying judgment was not due to intentional conduct or the result of conscious indifference on her part but was due to a mistake or an accident. *Craddock*, 133 S.W.2d at 126. Imkie does not assert that she received any erroneous information from a court official or that she lacked notice of the proceedings. Rather, the sole reason Imkie asserts to excuse her failure to respond to the motion for summary judgment is her mistaken belief that all she had to do to respond to the motion for summary judgment was to appear in person without the need for filing a written response. Imkie asserts her case is like *Wheeler v. Green*, 157 S.W.3d 439 (Tex.2005).

The Texas Supreme Court extended *Craddock* to summary judgments under limited circumstances where a pro se nonmovant appeared in person but mistakenly did not respond in writing to a matter-of-law summary judgment motion. *Wheeler*, 157 S.W.3d at 442. In *Wheeler*, based on sixty-four deemed requests for admissions, the trial court granted summary judgment, terminating Sandra Wheeler as joint managing conservator of her daughter and taking other actions against her. *Id.* at 441. The attorney for the father of the child "neglected to point out in his summary judgment motion that Sandra—appearing pro se—actually *had* filed responses six months before the motion was heard, but two days after they were due." *Id.* (em-

---

1. However, this Court subsequently stated that it would not apply the *Craddock* test to a bill of review proceeding when the party shows it relied on "a mistake of or erroneous information from an official court function-

ary," as was the case in *Rund*. *State v. Sowell*, No. 01–94–00577–CV, 1995 WL 489139, at *2 n. 2 (Tex.App.-Houston [1st Dist.] Aug. 17, 1995, no writ).

phasis in original). "Sandra—still pro se—filed no response but attended the summary judgment hearing." *Id.* Sandra thereafter obtained an attorney who filed a motion for new trial that asserted the requests for admission should not have been deemed admitted, attached her responses to the request for admissions that she had sent to counsel, argued that her responses had been timely sent, and asked that the summary judgment be set aside. *Id.* at 441–42. Sandra's motion for new trial, however, did not include a response to the summary judgment, nor did she move for the court to allow her to file a late response to the motion for summary judgment, nor did she move to withdraw her deemed admissions. *Id.* at 442. The trial court denied the motion for new trial. *Id.*

One reason the *Wheeler* court gave for ruling for Sandra concerned the timing of her late response to the summary judgment. *See id.* The court said Sandra did not waive the arguments she presented in her motion for new trial because she did not realize until after judgment was rendered against her that her responses were late, that she needed to move to withdraw deemed admissions, and that she needed to file a response to the summary judgment raising her arguments. *Id.* The court distinguished *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002), in which it had declined to give equitable relief under *Craddock* to a nonmovant litigant who failed to timely respond to a summary judgment motion despite notice of the hearing. *Wheeler,* 157 S.W.3d at 442. In *Carpenter,* the nonmovant had "an opportunity before judgment was rendered to obtain a continuance or leave to file an untimely response." *Id.* (citing *Carpenter,* 98 S.W.3d at 686).

In discussing why Sandra's status as a pro se litigant required equitable relief where the similarly situated nonmovant in *Carpenter* did not, the court said,

> We certainly agree that pro se litigants are not exempt from the rules of procedure. Having two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel. But when a rule itself turns on an actor's state of mind (as these do here), application may require a different result when the actor is not a lawyer. Recognizing that Sandra did not know what any lawyer would does not create a separate rule, but recognizes the differences the rule itself contains.

*Id.* at 444 (citation omitted). The court stated, "And while Sandra did not move to file a late response to the summary judgment motion, she came to argue her case at both hearings only because she was again mistaken as to what a summary judgment 'hearing' was." *Id.* at 442.

*Wheeler* is similar to Imkie's situation in that Imkie was a pro se litigant who appeared in court under the belief her appearance was all that was needed to respond to the motion for summary judgment. *See id.* Imkie, therefore, meets the *Wheeler* test for establishing that her failure to respond to the motion for summary judgment and her failure to ask for an extension of time to respond to the motion for summary judgment were mistakes based on her misunderstanding of the law due to her status as a pro se litigant. *See id.* at 444.

## 2. Meritorious Claim

Setting up a meritorious defense under *Craddock* does not require proof "in the accepted sense." *Dolgencorp of Tex., Inc.,* 288 S.W.3d at 928 (quoting *Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966)). This does not mean that the motion should be granted if it merely alleges that the defen-

dant "has a meritorious defense." *Ivy,* 407 S.W.2d at 214. Rather, the motion sets up a meritorious defense if it alleges facts that in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense. *Dolgencorp,* 288 S.W.3d at 928; *Ivy,* 407 S.W.2d at 214. Once such requirements are met, controverting evidence offered by the nonmovant should not be considered. *Dolgencorp,* 288 S.W.3d at 928. Without considering controverting evidence offered by Methodist, we examine whether Imkie has provided prima facie evidence of her claim. *See id.*

In *Wheeler,* the court examined the rules for summary judgments when determining whether a meritorious defense had had been shown. *Wheeler,* 157 S.W.3d at 442. Citing to the rules for matter-of-law summary judgments, the court said Sandra was not required to file a summary judgment response in order to prevail against a matter-of-law motion for summary judgment. *Id.* (citing *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222–23 (Tex.1999) (stating that, in matter-of-law summary judgment, nonmovant has no burden to respond to summary judgment motion unless movant conclusively establishes its cause of action or defense and trial court may not grant summary judgment by default when movant's summary judgment proof is legally insufficient)). In contrast, here, Methodist filed a no-evidence summary judgment motion, which required Imkie to respond with some evidence of each of the elements of her claim for premises liability if she was to defeat the motion. *See Landers,* 257 S.W.3d at 746.

We look to the substance of her arguments in her motion for new trial and to the evidence provided at the motion for new trial stage. *See Wheeler,* 157 S.W.3d at 442 (determining that Sandra's motion for new trial and accompanying evidence that included Sandra's responses to requests for admission sufficient to put trial court on notice of arguments to defeat summary judgment that had been rendered against her even though Sandra did not file response or request to file late response to motion for summary judgment). Imkie's motion for new trial stated, "[H]ad I filed the proper response with affidavits timely showing that I had a prima facie case (which I can do), the Court would have overruled [Methodist's] motion." This conclusory statement is inadequate to establish a claim for premises liability. *See Ivy,* 407 S.W.2d at 214.

Imkie did testify at the hearing for the motion for new trial. Although her testimony did provide some evidence that there was an unreasonably dangerous condition in that there was invisible paraffin on the floor that caused her to fall, Imkie's testimony failed to provide any facts or evidence that Methodist had any knowledge of the unreasonably dangerous condition and that Methodist failed to take reasonable steps to reduce or eliminate any risk caused by the condition of the premises. At most, Imkie showed that some people were aware of the problem and failed to correct it, but she did not show that those people were employees or representatives of Methodist. The evidence supplied by Imkie is inadequate to show a meritorious claim. *See Dolgencorp of Tex., Inc.,* 288 S.W.3d at 928; *Moreno,* 201 S.W.3d at 688.

### 3. Undue Delay

Having determined Imkie failed to establish the second element in *Craddock,* we do not reach the element of undue delay.

We hold the trial court properly overruled Imkie's motion for new trial that asserted the principles of *Craddock.* We overrule Imkie's second issue.

## Conclusion

We affirm the judgment of the trial court.