**Opinion issued October 4, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00260-CV

————————————

**OMAIR BASHIR, Appellant**

**V.**

**ABDUL KHADER, Appellee**

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 201160779**

## MEMORANDUM OPINION

Omair Bashir failed to answer a suit against him alleging breach of contract, and the trial court granted a no-answer default judgment to Abdul Khader. Bashir challenges the default judgment. Finding no error, we affirm.

## Background

In October 2011, Khader sued Bashir for failure to perform upon a promissory note. An authorized process server hand delivered the citation and a copy of the original petition to Bashir. Shortly thereafter, the authorized process server filed the return of service and an affidavit of service with the Harris County District Clerk.

Bashir did not answer the suit. In December 2011, the trial court entered a default judgment in favor of Khader in the amount of $95,000 plus interest and attorney's fees. Bashir moved for a new trial, asserting that (1) the process served upon him was defective, and (2) his failure to answer was the result of a mistake or accident. After Bashir's attorney failed to appear at the hearing on the new trial motion, the trial court denied the motion.

## Discussion

On appeal, Bashir complains that clerical errors in the citation and return of service deprived him of due process. Bashir further complains that he should be granted a new trial in the interest of justice and fairness because his attorney failed to properly represent him at the new trial hearing.

We review the trial court's denial of a motion for a new trial for an abuse of discretion. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to

guiding rules and principles. *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997); *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 344 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Bashir concedes that he received the citation and suit papers. Thus, to set aside a no-answer default judgment by a motion for new trial, Bashir was required to satisfy the elements defined in *Craddock v. Sunshine Bus Lines, Inc*. 134 Tex. 388, 393 (Tex. Comm'n App. 1939); *Sutherland v. Spencer*, No. 10–0750, 2012 WL 2476809, at *1 (Tex. June 29, 2012) (citing *Fid. and Guar. Ins. Co. v. Drewery Const. Co., Inc.*, 186 S.W.3d 571, 573 (Tex. 2006)). He must show that the lack of response was not intentional but, rather, was the result of a mistake or accident, that he has a meritorious defense, and that a new trial will not injure the plaintiff. *Id.*

**Defective service of process**

Although Bashir complains of clerical errors in the citation, he had the burden to prove that the errors misled him and caused him to fail to answer the suit. Bashir points out the following errors: a missing address for the court, a smudged cause number on the petition, and a typographical error in Bashir's address. But the citation contains the name and address of the court, and identifies the correct court number. He also complains of defects in the return of service. Nothing in the record shows that these defects caused his failure to respond; thus,

the trial court was not required to set aside the default judgment because of them. Rather, Bashir had the burden to satisfy the *Craddock* elements, because he conceded that he was served with notice of the suit. *See Sutherland*, 2012 WL 2476809, at *2; *Fid. and Guar. Ins. Co.*, 186 S.W.3d at 573.

**Attorney misconduct**

Bashir does not contend that he met *Craddock*'s requirements for a new trial. His motion for new trial was unverified and he produced no evidence or affidavits to support it. Bashir instead asks this court to consider the gross misconduct of his trial attorney as a reason to allow him to receive a new trial on the merits. Whether Bashir's attorney engaged in misconduct, however, was never before the trial court; Bashir raises it for the first time on appeal. We hold that Bashir has failed to preserve his complaint for appellate review. *See* TEX. R. APP. P. 33.1.

## Conclusion

We conclude that Bashir has not shown error in the default judgment. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

4