**Opinion issued May 21, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00608-CV

———————————

**CHRISTOPHER L. NGUYEN, THO NGUYEN, AND GIANG NGUYEN,**
**Appellants**

**V.**

**RODRIGO ORLANDO KULJIS, Appellee**

---

**On Appeal from the County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Case No. 62,501**

---

## DISSENTING OPINION

I respectfully dissent. The majority creates a legally unsupported distinction

between pro se defendants who, in good faith, inadequately respond to a motion for

summary judgment and pro se defendants who, in good faith, fail to respond at all.

It penalizes the former by affirming the summary judgment against such a defendant and rewards the latter by overturning the summary judgment. In doing so, it contradicts the supreme court authority it relies upon. The majority opinion is thus both arbitrary and unjust, in direct contradiction to the controlling authority. Therefore, I dissent. I would reverse both the traditional and no-evidence summary judgments as to all defendants.

Appellee, Rodrigo Orlando Kuljis, sued his former landlords, appellants Christopher L. Nguyen, Tho Nguyen, and Giang Nguyen (collectively, "the Nguyens"), seeking the return of his security deposit and other damages. Kuljis filed two motions for summary judgment; the Nguyens, using Christopher, a non-lawyer, to file their response, failed to respond adequately; and the trial court entered summary judgment in favor of Kuljis. In their first issue, the Nguyens argue that the trial court erred in denying their motion for new trial because they established that their failure to respond adequately to Kuljis's summary judgment motions was a mistake, that they had a meritorious defense, and that Kuljis would not be prejudiced, and, thus, they were entitled to a new trial under *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (per curiam), *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 685 (Tex. 2002), and *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). The majority agrees as to Tho and Giang Nguyen and disagrees as to Christopher Nguyen. The majority opinion,

2

however, draws a distinction among these defendants without a difference under controlling law.

The resolution of this case follows upon Texas Supreme Court law dealing with defendants who inadequately respond to court proceedings as the result of a mistake and suffer harsh consequences. In *Craddock*, the first of the applicable cases decided, the Texas Supreme Court addressed the issue of whether a default judgment should be set aside when the defendant establishes that (1) the failure to answer a petition was not intentional or the result of conscious indifference, but the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no undue delay or otherwise injure the plaintiff. *Carpenter*, 98 S.W.3d at 685 (citing *Craddock*, 133 S.W.2d at 126). It held that, in such a case, the default judgment should be set aside.

In *Carpenter*, the supreme court extended the *Craddock* analysis to post-answer default judgments, *i.e.*, to summary judgments entered when a defendant has appeared in a case but fails to respond to the summary judgment motion. *Id.* (citing *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966)). In reaching the decision that the *Craddock* factors generally apply in the summary judgment context, the court observed that its purpose in adopting the *Craddock* standard was "to alleviate unduly harsh and unjust results at a point in time when the defaulting party has no other remedy available." *Id.* at 686.

3

The court also held, however, that "*Craddock* does not apply to a motion for new trial filed after summary judgment is granted on a motion to which the nonmovant failed to timely respond when the respondent had notice of the hearing and an opportunity to employ the means our civil procedure rules make available to alter the deadlines Rule 166a imposes." *Id.* at 683–84. Thus, the *Craddock* factors do not apply "when our rules provide the defaulting party a remedy." *Id.* at 686.

The *Carpenter* court then analyzed "whether the trial court abused its discretion in denying Cimarron's motion for leave to file a late response to Carpenter's motion for summary judgment." *Id.* It held:

> [A] motion for leave to file a late summary-judgment response should be granted when a litigant establishes good cause for failing to timely respond by showing that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment.

*Id.* at 688. It concluded that Cimarron had not established good cause to file an untimely response to the summary judgment motion because its motion for new trial offered no explanation for its failure to respond aside from counsel's "bare assertion" that he had "miscalendared" the hearing, and the motion was not accompanied by any supporting affidavits or other evidence. *Id.* Because Cimarron had had an opportunity to seek a continuance or obtain permission to file a late response, remedies of which it did not avail itself and for which it made no

4

showing of good faith or lack of prejudice to the opposing party, the court affirmed the denial of its motion for a new trial. *Id.* The *Carpenter* decision expressly left undecided the question of "whether *Craddock* should apply when a nonmovant discovers its mistake after the summary-judgment hearing or rendition of judgment," i.e., when it is too late to remedy the defect. *Id.* at 686.

Finally, in *Wheeler*, the Texas Supreme Court applied the *Carpenter* test to reverse a summary judgment when the pro se nonmovant appeared in person at the summary judgment hearing but mistakenly failed to file a timely written response to the summary judgment motion and did not move for an extension of time. 157 S.W.3d at 442; *see also Marino v. King*, 355 S.W.3d 629, 633 (Tex. 2011) (per curiam) (discussing standard articulated in *Carpenter* and *Wheeler*). Wheeler, acting pro se, had filed her responses to requests for admission two days late and did not file a written response to the opposing party's motion for summary judgment because she was mistaken about discovery deadlines and the nature of a summary judgment hearing. *Wheeler*, 157 S.W.3d at 441–42. The trial court granted summary judgment against Wheeler on the basis of the deemed admissions, and the appellate court affirmed. *Id.* at 442.

The supreme court reversed the appellate court. It concluded that, although Wheeler responded to the request for admissions late and never moved to withdraw the deemed admissions or to allow a late response to the summary judgment

5

motion, the arguments and requests in her motion for new trial were sufficient to put the trial court on notice of why she did not comply with the rules. *Id.* at 442 (citing TEX. R. APP. P. 33.1(a)). In reversing the summary judgment and remanding the case for a new trial, the court cited *Carpenter* and held that "[g]ood cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Id.* at 442 (citing *Carpenter*, 98 S.W.3d at 687–88). It further held that "[u]ndue prejudice depends on whether . . . filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it." *Id.* at 443 (citing *Carpenter*, 98 S.W.3d at 687).

The court distinguished the situation in *Wheeler* from *Carpenter* on its facts, stating that "equitable principles allowing these arguments to be raised in a motion for new trial do not apply if a party realizes its mistake before judgment and has other avenues of relief available." *Id.* at 442. In contrast to *Carpenter*, it stated, "[N]othing in this record suggests that before summary judgment was granted, [Wheeler] realized that her responses were late, that she needed to move to withdraw deemed admissions, or that she needed to file a response to the summary judgment raising either argument." *Id.* The court concluded that Wheeler had demonstrated that her failures were not the result of intent or conscious indifference and that the other party was not unduly prejudiced. *Id.* at 442–43.

6

Because these factors were satisfied, the court held that Wheeler was entitled to a new trial. *Id.* at 444.

This case is almost identical to *Wheeler* in all material respects.

Here, the Nguyens filed an answer and counterclaim to Kuljis's suit while they were represented by counsel. After their counsel withdrew, Christopher Nguyen, in the mistaken belief that a pro se litigant can represent other litigants, filed a response to Kuljis's no-evidence motion for summary judgment on behalf of all defendants. However, he failed to file an answer to Kuljis's traditional motion for summary judgment in the mistaken belief that the response he had filed to the no-evidence motion was an adequate response to both of Kuljis's summary judgment motions against all defendants. Neither Tho nor Giang Nguyen filed any response to Kuljis's motions in the mistaken belief, on their part, that they were adequately represented by Christopher Nguyen. In response to Kuljis's legal arguments against the sufficiency of the summary judgment evidence, the trial court struck the evidence filed with Christopher Nguyen's response to the no-evidence motion for summary judgment and entered judgment against the Nguyens jointly and severally.

The Nguyens' motion for new trial stated that they were proceeding pro se at the time the trial court considered Kuljis's motions for summary judgment. They thought they had filed an appropriate response to the summary judgment motions

and were not aware of their mistake until after the trial court rendered final judgment. Thus, they asserted that their failure to respond properly was not intentional or the result of conscious indifference; rather, it was a mistake. This argument in the motion for new trial was supported by affidavits from each of the Nguyens. They each averred that they believed the response filed by Christopher Nguyen was sufficient to respond to both summary judgment motions on behalf of all of the Nguyens. They each stated that they were not aware of their mistake until May 31, 2011, after the trial court had rendered judgment against them.

The Nguyens' motion for new trial and accompanying affidavits also averred that granting the Nguyens a new trial and allowing them to respond to Kuljis's claims would not cause undue delay or injury to Kuljis. They averred that they were ready for trial, that they would reimburse Kuljis for all reasonable expenses incurred in obtaining the "default" judgment, and that they were willing to refund the security deposit immediately, subject to its being accepted by Kuljis and his attorney.

On appeal, the Nguyens argue that they have established that their collective failure to respond adequately to Kuljis's motions for summary judgment was not intentional or the result of conscious indifference, but the result of accident or mistake. *See Wheeler*, 157 S.W.3d at 442–44; *Carpenter*, 98 S.W.3d at 685; *see also Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 346 (Tex. App.—Houston [1st

8

Dist.] 2010, no pet.) (holding that pro se litigant who appeared in court under belief that her appearance was all that was needed to respond to summary judgment established that her failure to respond or ask for extension of time were mistakes based on misunderstanding of law and satisfied *Wheeler* test).

The majority agrees that Tho and Giang Nguyen's situation is analogous to that in *Wheeler* because they did not respond to the summary judgment motion, and "they notified the trial court of the nature of their complaints in a new trial motion." Slip Op. at 11 (citing TEX. R. APP. P. 33.1(a) and *Wheeler*, 157 S.W.3d at 442.)) And it concludes, "They were pro se litigants who participated in the proceedings under the mistaken belief that Christopher's response was all that was required to respond to the motions for summary judgment." Slip Op. at 12 (citing *Wheeler*, 157 S.W.3d at 442 and *Imkie*, 326 S.W.3d at 346). Thus, the majority holds that, "under the facts presented here, the trial court abused its discretion in denying Tho and Giang's motion for new trial." Slip Op. at 13–14.

Inexplicably, however, the majority decides that, although all of the *Craddock* and *Wheeler* factors justify a new trial for Tho and Giang Nguyen for failing to respond at all to Kuljis's motions for summary judgment, and although those factors apply to Christopher Nguyen's failure to respond to Kuljis's traditional summary judgment motion and would apply to him altogether had he failed to respond to Kuljis's no-evidence motion for summary judgment as well, it

9

is a legally unjustified *extension* of *Wheeler* to treat his failure to respond properly and adequately to Kuljis's no-evidence motion for summary judgment as a mistake rather than as intentional error or the result of conscious indifference. The majority also holds, implicitly but necessarily, that it is not an excusable unintentional act or a mistake for Christopher Nguyen—a pro se litigant—to have filed a response on behalf of other unrepresented defendants or to have filed evidence in response to Kuljis's no-evidence summary judgment motion that the trial court found legally insufficient and struck in response to Kuljis's sophisticated legal arguments. And, while the majority acknowledges that Kuljis was not prejudiced by the mistakes made by any of the Nguyens, it ignores the implications of this conclusion for its own ruling with respect to Christopher Nguyen. Therefore, it affirms the no-evidence summary judgment as to him, while granting Tho and Giang a new trial.

The majority's distinction between Christopher Nguyen and the other pro se defendants is not only internally inconsistent and unsupported, it also directly conflicts with *Wheeler*. In *Wheeler*, the pro se litigant, like Christopher Nguyen, *did* respond in writing to requests for admission and orally to the motion for summary judgment based on her deemed responses. However, her summary judgment response was legally inadequate because it was unwritten, and she

10

mistakenly failed to file a motion for extension of time. *See Wheeler*, 157 S.W.3d at 442. And her response to the requests for admission was two days late. *Id.*

Wheeler did not, as the majority evidently believes, fail to participate at all in the summary judgment proceedings, like Tho and Giang Nguyen, in the mistaken belief that it was not necessary for her to do so. *See id.* Rather, like Christopher Nguyen, she participated in the proceedings, but inadequately. *See id.* Nevertheless, the supreme court found that the arguments and evidence in Wheeler's motion for new trial were sufficient to put the trial court on notice of her defense, justifying a new trial. *Id.* Thus, the majority's conclusion that Tho and Giang Nguyen merit a new trial under *Craddock* and *Carpenter* because they mistakenly failed to participate at all, but that Christopher Nguyen, who, like Wheeler, inadequately responded on behalf of all three Nguyens, does not merit a new trial, is contradictory to the supreme court precedent. Here, just as in *Wheeler*, the trial court was put on notice of the grounds of the Nguyens' defense by the legally inadequate response to Kuljis's motion for summary judgment filed in good faith by Christopher Nguyen and referenced in the motion for new trial and affidavits. But the majority, while acknowledging that the trial court was on notice of the Nguyens' arguments, implicitly finds this factor inapplicable to Christopher Nguyen while this factor supports a new trial for Tho and Giang Nguyen

11

Although the majority's holding is necessarily based on its implied conclusion that Christopher Nguyen's errors were intentional or the result of conscious indifference, it points to no evidence that would vitiate good cause to grant a new trial as to him. *See Wheeler*, 157 S.W.3d at 442; *Carpenter*, 98 S.W.3d at 687. Nor does it point to any evidence that Christopher Nguyen realized his mistakes before summary judgment was entered and "had other avenues of relief available" that would justify denying him relief under *Carpenter*. *See Wheeler*, 157 S.W.3d at 442. Instead, it acknowledges that, like Wheeler, Christopher Nguyen had the same meritorious defense to Kuljis's claims as the other appellants. *See id.* It acknowledges that Kuljis will not be prejudiced by a new trial. Slip Op. at 12–13. And it makes no attempt to point out the remedy Christopher Nguyen had available to him that the others did not have and intentionally, or with conscious indifference, failed to use.

In other words, the majority points to *no* evidence and *no* authority to justify its decision to deny Christopher Nguyen the relief it grants to Tho and Giang Nguyen under *Craddock*, *Carpenter*, and *Wheeler*. Nevertheless, it refuses to apply the reasoning of *Carpenter* and *Wheeler* to a situation where a party files an inadequate response because the evidence supporting the response is inadmissible. Slip Op. at 16.

12

In my view, the majority's holding with respect to Christopher Nguyen, like the trial court's judgment with respect to all defendants, is arbitrary and capricious and directly contradictory to both the letter and the spirit of *Wheeler*, in which the pro se defendant *did* attempt to comply with all requirements of defending against the motions for summary judgment, but made mistakes that caused her to lose on summary judgment despite her meritorious defense. Moreover, the majority's judgment with respect to Christopher Nguyen is directly contrary to the Texas Supreme Court's instruction in *Carpenter* that that the purpose for adopting the *Craddock* standard in cases like this one is "to alleviate unduly harsh and unjust results at a point in time when the defaulting party has no other remedy available." 98 S.W.3d at 686. Indeed, the majority's singling out of Christopher Nguyen for punishment is particularly harsh in that it concludes that relief would have been justified had he simply failed to respond to the no-evidence motion for summary judgment as he failed to respond to the traditional motion. Therefore, in my view, the majority errs by affirming the trial court's no-evidence summary judgment as to Christopher Nguyen.

13

## Conclusion

For the foregoing reasons, I cannot join the majority opinion. I would reverse the judgment of the trial court as to all appellants, and I would remand the case to the trial court for proceedings consistent with this opinion.


                              Evelyn V. Keyes
                              Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Keyes, J., dissenting.