In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00413-CV
_____

**WINGROVE ROBINSON, Appellant**

**V.**

**RAINTREE TOWER APARTMENTS, Appellee**

On Appeal from the 60th District Court
Jefferson County, Texas
Trial Cause No. B-197,319

**MEMORANDUM OPINION**

Alleging the non-renewal of his lease was retaliation for his having pursued an unspecified claim in small claims court, Wingrove Robinson sued Raintree Tower Apartments to enjoin an eviction and requested monetary and non-monetary relief for the alleged retaliation. *See generally* Tex. Prop. Code Ann. § 92.331(a)(1) (West 2014). The trial court denied Robinson's application for temporary injunction and an eviction case proceeded to judgment and issuance of a writ of possession in another court. Thereafter, Raintree filed a no-evidence motion for

summary judgment in the retaliation suit, alleging that Robinson could not prove that he in good faith exercised a right afforded to the tenant under the lease against the landlord. See *id.* The trial court granted the motion for summary judgment and dismissed all of Robinson's claims with prejudice. *See* Tex. R. Civ. P. 166a(i).

In his brief for the appeal, Robinson argues that Raintree did not have good cause to terminate his lease. When a no-evidence motion for summary judgment is submitted to a trial court, "[t]he court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." Tex. R. Civ. P. 166a(i). Where the movant has filed a no-evidence motion for summary judgment that identifies the specific elements as to which there is no evidence, and the nonmovant does not file a timely and legally adequate response, it is not an abuse of discretion for the trial court to grant the motion and render a summary judgment for the movant. *See Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

In this case, Raintree's no-evidence motion for summary judgment identified the specific element of Robinson's claim to which Raintree alleged Robinson had no evidence. *See* Tex. R. Civ. P. 166a(i); *see also* Tex. Prop. Code Ann. § 92.331(a)(1). Robinson failed to file a written response to the no-evidence motion for summary judgment at least seven days before the hearing. *See* Tex. R. Civ. P.

2

166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response.").

In his brief, Robinson complains that the trial court did not consider the "evidence" he presented at the summary judgment hearing. Robinson related some of the history of the dispute at the summary judgment hearing, but none of the facts mentioned by Robinson in the hearing were properly admitted into evidence before the trial court for consideration of the summary judgment motion, and Robinson did not request leave to file a late response. *See id.* ("No oral testimony shall be received at the hearing.").

Because Robinson failed to file any response to the no-evidence motion for summary judgment, we hold the trial court properly rendered summary judgment in favor of Raintree Tower Apartments. *See Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343-44 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We overrule Robinson's issue and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

3

Submitted on July 18, 2016
Opinion Delivered September 22, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.