**Opinion issued October 7, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00276-CV

———————————

**ZARETHA SIMS, Appellant**

**V.**

**NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER, Appellee**

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 23-DCV-300838**

---

## MEMORANDUM OPINION

This case involves a dispute over a property foreclosure. Appellant Zaretha Sims ("Sims"), proceeding pro se, challenges the trial court's order granting summary judgment in favor of appellee Nationstar Mortgage LLC d/b/a Mr. Cooper

("Nationstar") in her suit against Nationstar. In two issues, Sims contends that the trial court erred in granting summary judgment.

We affirm.

## Background

In May 2011, Sims purchased real property in Fresno, Texas ("the property") and received a mortgage loan.[1] To evidence the loan, Sims executed a promissory note payable to 360 Mortgage Group for $103,253.00, plus interest. The note provided that if she failed to pay the full amount of each monthly payment on the due date, the loan would be in default. Sims executed a deed of trust to secure the loan, which was recorded in the real property records of Fort Bend County, Texas. The deed of trust was assigned to Nationstar in June 2023.

After Sims defaulted on the loan, Nationstar sent written notice of default on September 27, 2022. The notice stated the amount due and informed Sims that she had thirty days, or until October 27, 2022, to cure the default.

Sims filed suit against Nationstar seeking to avoid foreclosure. In her petition, she sought injunctive and declaratory relief and asserted several causes of action, including wrongful foreclosure, suit to remove cloud and quiet title, and violations of section 12.002 of the Texas Civil Practice and Remedies Code.[2]

---

[1]     Bryan O. Sims, who is listed as a borrower on the note, is not a party to this appeal.

[2]     *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a) ("A person may not make, present, or use a document or other record with . . . knowledge that the document or

Nationstar answered, asserting a general denial and several affirmative defenses. The trial court granted Sims's request for a temporary restraining order and set her application for permanent injunction for a hearing.

Nationstar moved for no-evidence summary judgment on Sims's claims. It asserted that an adequate time for discovery had passed, Sims bore the burden to prove that Nationstar had materially breached terms under the deed of trust, note, and Department of Housing and Urban Development regulations, and there was no evidence that it had done so, thus entitling it to judgment as a matter of law. Nationstar attached to its motion the affidavit of Maria Avala, its foreclosure associate, and accompanying exhibits consisting of the promissory note, deed of trust, assignment of the deed, the written notice of default, and an amended payoff statement. Nationstar served Sims with a notice of hearing on March 12, 2024. The summary judgment hearing was held on April 1, 2024. Sims did not file a response to Nationstar's no-evidence motion or appear at the hearing.

The trial court signed a final judgment granting Nationstar's no-evidence motion for summary judgment on April 1, 2024. This appeal followed.

---

other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property . . . .").

## Standard of Review

After an adequate time for discovery, a party may move for no-evidence summary judgment. *See* TEX. R. CIV. P. 166a(i). To prevail on a no-evidence motion, the movant must establish that there is no evidence of one or more essential elements of the nonmovant's claim on which the non-movant would have the burden of proof at trial. *See JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). A party who files a no-evidence motion pursuant to Texas Rule of Civil Procedure 166a(i) essentially requests a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006).

The party moving for no-evidence summary judgment must specifically state the elements as to which there is no evidence. *See* TEX. R. CIV. P. 166a(i). The burden then shifts to the non-movant to present evidence raising a genuine issue of material fact as to each of the elements challenged in the motion. *Mack Trucks*, 206 S.W.3d at 582.

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In conducting our review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Hillis v. McCall*, 602 S.W.3d 436, 440 (Tex. 2020).

4

## Summary Judgment

We construe briefs liberally. *See* TEX. R. APP. P. 38.9. But a pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and procedural rules. *See Dowling v. Perez*, No. 01-22-00865-CV, 2024 WL 628871, at *1 (Tex. App.—Houston [1st Dist.] Feb. 15, 2024, no pet.) (mem. op.) (citing *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) and *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). On appeal, a pro se appellant must properly present her case; if this were not the rule, pro se litigants would benefit from an unfair advantage over those parties who are represented by counsel. *Mustafa v. Tex. Workforce Comm'n*, No. 01-22-00878-CV, 2024 WL 3032507, at *2 (Tex. App.—Houston [1st Dist.] June 18, 2024, pet. denied) (mem. op.).

Sims contends that the trial court erred by granting Nationstar's no-evidence summary judgment motion[3] and considering inadmissible hearsay evidence in granting the motion.

When a party files a no-evidence summary judgment motion, the burden shifts to the nonmovant to specifically point out evidence that raises a fact issue. *Villa v.*

---

[3] Sims asserts that Nationstar was required to disprove "at least one element of each of [her] causes of action as well as to prove each and every element of [an affirmative defense]," and Nationstar failed to do so. This standard is applicable to a traditional motion for summary judgment under Texas Rule of Civil Procedure 166a(c). *See* TEX. R. CIV. P. 166a(c); *Bloom v. Stafford*, No. 01-19-00563-CV, 2020 WL 2201120, at *2 (Tex. App.—Houston [1st Dist.] May 7, 2020, pet. denied) (mem. op.). Nationstar did not file a traditional summary judgment motion.

*Gebetsberger*, No. 01-21-00529-CV, 2022 WL 3649368, at \*3 (Tex. App.—Houston [1st Dist.] Aug. 25, 2022, no pet.) (mem. op.); *see* TEX. R. CIV. P. 166a(i) ("The court must grant the [no-evidence] motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."). "Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i)." *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.). "Generally, the failure to respond to a no-evidence summary judgment motion is fatal to the nonmovant's ability to assert on appeal that the trial court erred in granting the motion." *Villa*, 2022 WL 3649368, at \*4 (internal quotations omitted); *Abdo v. Richmond Stop Food Mart*, No. 01-20-00031-CV, 2021 WL 3358017, at \*3 (Tex. App.—Houston [1st Dist.] Aug. 3, 2021, no pet.) (mem. op.). When, as here, the nonmovant fails to file a response and produce evidence, the nonmovant is limited to arguing on appeal that the no-evidence summary judgment motion is insufficient as a matter of law. *See Villa*, 2022 WL 3649368, at \*4; *Dean v. Aurora Bank, FSB*, No. 01-15-00827-CV, 2016 WL 7368057, at \*4 (Tex. App.—Houston [1st Dist.] Dec. 20, 2016, no pet.) (mem. op.).

A no-evidence summary judgment motion is insufficient to warrant no-evidence summary judgment as a matter of law if the motion is conclusory or fails to challenge a specific essential element of a cause of action for which the non-

movant would have the burden of proof at trial. *See Player v. Mansions of Mansfield*, No. 02-23-00105-CV, 2024 WL 1318236, at *2 (Tex. App.—Fort Worth Mar. 28, 2024, no pet.) (mem. op.); *Dean*, 2016 WL 7368057, at *4. Sims does not argue on appeal that Nationstar's no-evidence motion was conclusory or that it failed to challenge specific elements of her causes of action.[4] Because Sims has made no argument that Nationwide's no-evidence motion was legally insufficient, we hold that the trial court did not err in granting summary judgment.[5] *See Player*, 2024 WL 1318236, at *2 (affirming trial court's final judgment where pro se plaintiff did not argue on appeal that defendant's no-evidence motion was legally insufficient); *Dean*, 2016 WL 7368057, at *4 (affirming summary judgment where pro se plaintiff

---

[4]    Sims's brief states generally that a no-evidence motion requires the movant to specifically state the element or elements for which there is no evidence. Aside from this general statement of the law, she does not attempt to argue how Nationwide's no-evidence motion was insufficient, such as by contending for which of her claims Nationwide failed to challenge a specific element. To the extent that Sims is attempting to challenge the legal sufficiency of appellees' no-evidence summary judgment motion, we conclude the issue is inadequately briefed and preserves nothing for our review. *See* TEX. R. APP. P. 38.1(i); *see also Thiessen v. Fid. Bank*, No. 02-17-00321-CV, 2018 WL 5993316, at *3 (Tex. App.—Fort Worth Nov. 15, 2018, pet. denied) (mem. op.) ("We are mindful of the difficulties that pro se litigants face. However, we may not make Thiessen's arguments for him, and we may not consider arguments he did not preserve.").

[5]    We further note that with respect to Sims's argument that the trial court erred in considering inadmissible hearsay evidence in granting Nationwide's no-evidence motion, there is nothing in the record showing that she raised any objection to Nationwide's summary judgment evidence. And, because Nationwide filed a no-evidence motion, the trial court was not required to consider Nationstar's evidence to grant its motion, nor is there any indication in the record that it did so.

7

did not argue on appeal that defendants' no-evidence motion was conclusory or that it failed to challenge specific elements of any of his causes of action).

We overrule Sims's first issue.[6]

## Conclusion

We affirm the trial court's judgment.


Kristin Guiney
Justice

Panel consists of Justices Guerra, Guiney, and Johnson.

---

[6] In her brief on appeal, under "Issue Presented," Sims frames her second issue as "[w]hether or not the trial court erred when failing to enter a ruling on [Nationstar's] No Evidence Summary Judgment [] without reviewing all claims under [Sims's] Original Petition." Because Sims's brief does not include any discussion of this issue, much less identify the claim or claims the trial court allegedly failed to review, she has waived this issue on appeal. *See Mustafa v. Tex. Workforce Comm'n*, No. 01-22-00878-CV, 2024 WL 3032507, at *3 (Tex. App.—Houston [1st Dist.] June 18, 2024, pet. denied) (mem. op.) (concluding appellant waived any error on appeal where brief was devoid of legal argument or analysis).