# IN THE SUPREME COURT OF TEXAS

════════════
No. 12-0628
════════════

MARC H. NATHAN, PETITIONER,

v.

STEPHEN WHITTINGTON, RESPONDENT

═══════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
═══════════════════════════════════════════════════════

## PER CURIAM

We must decide in this case whether a statute that "suspends the running" of a "statute of limitations" applies to a statute of repose that otherwise "extinguishes" the plaintiff's cause of action. The trial court held that it does not and granted the defendant's motion for summary judgment. The court of appeals, with one justice dissenting, held that it does and reversed. We hold that the suspension statute does not apply to a statute of repose, so we reverse the judgment of the court of appeals and reinstate the trial court's summary judgment.

Stephen Whittington initially filed suit in Nevada and prevailed on his claims against a former business partner, Evan Baergen. To collect on the judgment, he then filed another suit in Nevada, against both Baergen and Marc Nathan, the petitioner in the present case. In the second suit, Whittington alleged that Baergen had fraudulently transferred assets to Nathan in violation of the Nevada Uniform Fraudulent Transfer Act (Nevada UFTA). Whittington filed the second suit in May 2008, just under four years after the date he alleged the fraudulent transfer occurred in May 2004.

Six months later, in November 2008, the Nevada court held that it lacked personal jurisdiction over Nathan and dismissed Whittington's claims. Less than sixty days later, in January 2009, Whittington filed the present suit, in a Texas court, under the Texas UFTA (TUFTA), again alleging that Baergen had fraudulently transferred assets to Nathan. Nathan moved for summary judgment, arguing that TUFTA's four-year statute of repose extinguished Whittington's claim. *See* TEX. BUS. & COM. CODE § 24.010(a)(1) (1993). The trial court agreed and granted Nathan's motion for summary judgment.

Whittington appealed, and the court of appeals reversed and remanded. The majority held that section 16.064(a) of the Texas Civil Practice & Remedies Code suspended the expiration of TUFTA's statute of repose and allowed Whittington to file this new suit within sixty days after the Nevada court dismissed the second Nevada suit for lack of jurisdiction. *Whittington v. Nathan*, 371 S.W.3d 399, 403 (Tex. App—Houston [1st Dist.] 2012). One justice dissented, on the ground that section 16.064(a) suspends the running of a "statute of limitations," not of a statute of repose like the TUFTA provision that extinguished Whittington's claim. *Id.* (Brown, J., dissenting).

We review the trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). To resolve this case, we must construe both TUFTA's section 24.010 and section 16.064(a) of the Civil Practice & Remedies Code. We also review issues of statutory construction de novo. *Loaisiga v. Cerda*, 379 S.W.3d 248, 254–55 (Tex. 2012). Our objective is to give effect to the Legislature's intent, and we do that by applying the statutes' words according to their plain and common meaning unless a contrary intention is apparent from the statutes' context. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011).

2

In TUFTA section 24.010, entitled "Extinguishment Of Cause Of Action," the Legislature has provided that

> a cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought . . . within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant.

TEX. BUS. & COM. CODE § 24.010(a)(1). The parties and the court of appeals all agreed that this provision is a statute of repose, rather than a statute of limitations. "[W]hile statutes of limitations operate procedurally to bar the enforcement of a right, a statute of repose takes away the right altogether, creating a substantive right to be free of liability after a specified time." *Methodist Healthcare Sys. of San Antonio, Ltd., v. Rankin*, 307 S.W.3d 283, 287 (Tex. 2010) (quoting *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009)). Statutes of repose are of an "absolute nature," and their "key purpose . . . is to eliminate uncertainties under the related statute of limitations and to create a final deadline for filing suit that is not subject to any exceptions, except perhaps those clear exceptions in the statute itself." *Id.* at 286–87. Unlike statutes of limitations, which are intended primarily to encourage diligence on the part of plaintiffs, statutes of repose may serve other purposes and may run from some event other than when the cause of action accrued. *See Nelson v. Krusen*, 678 S.W.2d 918, 926 (Tex. 1984) (Robertson, J., concurring).

Although we have not previously addressed this issue, other Texas courts have, and like the parties and the court of appeals in this case, they have agreed that the provision is a statute of repose. *See Janvey v. Democratic Senatorial Campaign Comm.*, 793 F. Supp. 2d 825, 830–31 n.5 (N.D. Tex.

2011) (citing cases and stating "the few Texas intermediate appellate courts to expressly consider the matter view the time-bar provision as a statute of repose"); *see also Zenner v. Lone Star Striping & Paving, L.L.C.*, 371 S.W.3d 311, 315 n.1 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("Entitled 'Extinguishment of Cause of Action,' section 24.0010 [sic] is a statute of repose, rather than a statute of limitations.").

But TUFTA is a uniform act, so its provisions must "be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it." TEX. BUS. & COM. CODE § 24.012. We will therefore independently review the issue, to ensure that our construction of section 24.010 is as consistent as possible with the constructions of other states that have enacted a Uniform Fraudulent Transfer Act containing a similar provision.

We have found that some courts, including the high courts of several states, have referred to this UFTA provision as a "statute of limitations,"[1] while others have referred to it as a "statute of repose."[2] *See K-B Bldg. Co. v. Sheesley Constr., Inc.*, 833 A.2d 1132, 1133 n.1 (Pa. Super. Ct. 2003) (noting that its "review of decisions of other jurisdictions reveals that [the provision] is referred to as both a statute of limitations and a statute of repose"). But in most of the opinions in which the court referred to the provision as a statute of limitations, including all of those of the states' high

---

[1] *See Peacock Timber Transp., Inc. v. B.P. Holdings, LLC*, 115 So. 3d 914, 919–20 (Ala. 2012); *Kobritz v. Severance*, 912 A.2d 1237, 1241 n.3 (Me. 2007); *Cavadi v. DeYeso*, 941 N.E.2d 23, 26 (Mass. 2011); *Gulf Ins. Co. v. Clark*, 20 P.3d 780, 782 (Mont. 2001); *Norwood Grp., Inc. v. Phillips*, 828 A.2d 300, 303 (N.H. 2003); *SASCO 1997 NI, LLC v. Zudkewich*, 767 A.2d 469, 471–73 (N.J. 2001); *Investors Title Ins. Co. v. Herzig*, 785 N.W.2d 863, 877 (N.D. 2010); *Duffy v. Dwyer*, 847 A.2d 266, 269–71 (R.I. 2004); *State ex rel. Dep't of Revenue v. Karras*, 515 N.W.2d 248, 249 (S.D. 1994); *Freitag v. McGhie*, 947 P.2d 1186, 1188 (Wash. 1997).

[2] *See LaRosa v. LaRosa*, 482 Fed. Appx. 750, 753 (4th Cir. 2012); *Klein v. Capitol One Fin. Corp.*, No. 4:10-CV-00629-EJL, 2011 WL 3270438, at *7–8, *7 n.5 (D. Idaho July 29, 2011) (mem. op.); *Moore v. Browning*, 50 P.3d 852, 858–59 (Ariz. Ct. App. 2002); *First Sw. Fin. Servs. v. Pulliam*, 912 P.2d 828, 830 (N.M. Ct. App. 1996).

4

courts, the courts did not actually consider or address the issue. Instead, they simply referred to the provision as a statute of limitations without actually concluding that it was a statute of limitations as opposed to a statute of repose.

In the absence of any uniformity among the other states, we have also considered the comments of the National Conference of Commissioners on Uniform State Laws, which promulgated the model UFTA. We note first that their Prefatory Notes to the model UFTA also refer to the provision as a "statute of limitations." UNIF. FRAUDULENT TRANSFER ACT, 7A pt.II U.L.A. 7 (2006) (Prefatory Note) ("The new Act also includes a statute of limitations that bars the right rather than the remedy on expiration of the statutory periods prescribed."). Because of this, a Pennsylvania intermediate appellate court decided to label the provision as a statute of limitations, even though it recognized that "[t]he language of the provision, which involves the extinguishment of a cause of action rather than a limitation on the action, would appear to be labeled properly as a statute of repose." *K-B Bldg. Co.*, 833 A.2d at 1133 n.1.

Considering the actual language of TUFTA section 24.010 and the Commissioners' comments to UFTA section 9 on which it is modeled, we agree with the parties and the court of appeals in this case that it is a statute of repose, rather than a statute of limitations. By its own terms, the provision does not just procedurally bar an untimely claim, it substantively "extinguishes" the cause of action. As the Commissioners' Prefatory Note explains (despite its reference to a "statute of limitations"), the provision "bars the right rather than the remedy on expiration of the statutory periods prescribed." " UNIF. FRAUDULENT TRANSFER ACT, 7A pt.II U.L.A. 7 (2006) (Prefatory Note). And the Commissioners' comments to section 9 explain that "[i]ts purpose is to make clear

5

that lapse of the statutory periods prescribed by the section bars the right and not merely the remedy." *Id.* at 195, § 9 cmt. 1. This language is nearly identical to our definition of a statute of repose. *See Rankin*, 307 S.W.3d at 287 ("[W]hile statutes of limitations operate procedurally to bar the enforcement of a right, a statute of repose takes away the right altogether, creating a substantive right to be free of liability after a specified time." (quoting *Galbraith*, 290 S.W.3d at 866)). Unlike a statute of limitations, the provision "extinguishes" the underlying cause of action. We do not perceive strong uniformity among the states in their interpretation of this provision, and we see no need to compromise the statute of repose jurisprudence of cases like *Galbraith* and *Rankin* to follow states that have merely referred to the provision as a statute of limitations without actually deciding the issue.

In addition to agreeing that the TUFTA provision is a statute of repose, the parties also agree that, unless section 16.064(a) applies, the statute of repose extinguished Whittington's claim before he filed this suit. In section 16.064, entitled "Effect Of Lack Of Jurisdiction," the Legislature has suspended the running of a "statute of limitations" for sixty days, if a trial court dismisses a claim for lack of jurisdiction:

(a)     The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1)     because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

(2)     not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

TEX. CIV. PRAC. & REM. CODE § 16.064(a) (1985).

By its own terms, section 16.064(a) applies only to a "statute of limitations." In *Galbraith*, we interpreted a similar statute, which (at that time) provided that a plaintiff who joins a responsible third party as a defendant "is not barred by limitations." 290 S.W.3d at 865–66 (construing former TEX. PRAC. & REM. CODE § 33.004(e)).[3] We acknowledged that, generally, the term "limitations" could refer to the restrictions that both statutes of limitations and statutes of repose impose, but we held that former section 33.004(e) applied only to statutes of limitations, and not to a statute of repose. *Id.* at 869. As we explained, "[b]ecause application of the revival statute in this instance effectively renders the period of repose indefinite, a consequence clearly incompatible with the purpose for such statutes, we conclude that the Legislature intended for the term 'limitations' in section 33.004(e) to refer only to statutes of limitations." *Id.*

Applying section 16.064 to TUFTA's statute of repose would raise the same concern we identified in *Galbraith*: because a trial court may dismiss a case for lack of jurisdiction long after the statute of repose extinguishes the cause of action, application of section 16.064 would frustrate the certainty that the statute of repose provides. "Like the designation of a responsible third party in another lawsuit, the final dismissal of another lawsuit may come 'months or years' after the statute of repose deadline." *Whittington*, 371 S.W.3d at 407 (Brown, J., dissenting) (citing *Galbraith*, 290 S.W.3d at 867). It is true that under section 16.064, unlike under former section 33.004 in *Galbraith*, the plaintiff must bring suit (albeit in the wrong court) before the limitations period expires. But if

---

[3] *See* Act of May 4, 1995, 74th Leg., R.S., ch. 136, 1995 Tex. Gen. Laws 972–73, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.04, sec. 33.004(e), 2003 Tex. Gen. Laws 855–56, *repealed by* Act of May 24, 2011, 82d Leg., R.S., ch. 203, § 5.02, sec. 33.004(e), 2011 Tex. Gen. Laws 759.

section 16.064 applies to the TUFTA statute of repose, the defendant does not know if the suit will be dismissed, or if it will later be refiled in another court (even after the statute has extinguished the cause of action), or if it will proceed in the original court.

As we have said before, statutes of repose are of an absolute nature and address concerns beyond the certainty of the litigants:

> The Legislature could reasonably conclude that the general welfare of society, and various trades and professions that serve society, are best served with statutes of repose that do not submit to exceptions even if a small number of claims are barred through no fault of the plaintiff, since "the purpose of a statute of repose is to provide 'absolute protection to certain parties from the burden of indefinite potential liability.'" The whole point of layering a statute of repose over the statute of limitations is to "fix an outer limit beyond which no action can be maintained." One practical upside of curbing open-ended exposure is to prevent defendants from answering claims where evidence may prove elusive due to unavailable witnesses (perhaps deceased), faded memories, lost or destroyed records, and institutions that no longer exist.

*Rankin*, 307 S.W.3d at 287 (citations omitted).

We acknowledge that TUFTA's statute of repose may work an inequitable hardship on Whittington in this case. Whittington brought a timely UFTA claim in Nevada, and he refiled the claim in Texas within sixty days after the Nevada court dismissed it for lack of jurisdiction. But the Legislature has balanced this hardship against the benefits of the certainty that a statute of repose provides by extinguishing claims upon a specific deadline. The task of balancing these equities belongs to the Legislature, not to this Court. As we have noted, the Legislature has chosen to suspend the running of statutes of limitations, not of statutes of repose.

Because TUFTA's section 24.010 is a statute of repose, and section 16.064 applies only to statutes of limitations, the latter does not save or revive Whittington's claim. Accordingly, without

8

hearing oral argument, TEX. R. APP. P. 59.1, we grant Nathan's petition for review, reverse the court of appeals' judgment, and reinstate the trial court's judgment of dismissal.

**OPINION DELIVERED:** August 30, 2013