**Opinion issued August 5, 2021**



In The

## Court of Appeals

For The

## First District of Texas

_____

### NO. 01-19-00018-CV

_____

**LUCRECIA MENDIA, Appellant**

**V.**

**FIESTA MART, L.L.C., Appellee**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-63727**

---

## MEMORANDUM OPINION

Appellant Lucrecia Mendia appeals from the trial court's default summary judgment granted in favor of appellee Fiesta Mart, Inc. In two issues, Mendia contends that the trial court (1) abused its discretion by failing to grant her motion for leave to file a late summary-judgment response and motion for new trial and (2)

erred by granting Fiesta Mart's summary-judgment motion. We conclude that the trial court properly granted summary judgment and did not abuse its discretion by denying Mendia's post-judgment motions.

We affirm.

## Background

Mendia sued Fiesta Mart, alleging damages resulting from a slip-and-fall accident at a Fiesta Mart location on September 5, 2016. In her petition, filed September 26, 2017, Mendia alleged that she slipped and fell as the result of an unreasonably dangerous condition, a puddle of liquid on the floor of the meat department, inside Fiesta Mart's premises, and that Fiesta Mart either knew or should have known of its existence and failed to correct the condition.

On May 2, 2018, after limited written discovery and Mendia's deposition, Fiesta Mart moved for a traditional summary judgment on the knowledge element of Mendia's cause of action. Mendia responded to Fiesta Mart's motion, arguing that it was essentially a no-evidence motion and, because there had not been adequate time for discovery, the motion was premature. Fiesta Mart passed the hearing on its motion, indicating it would reschedule after Fiesta Mart employees were presented for deposition.

Thereafter, the parties conducted additional discovery, including the depositions of two Fiesta Mart employees, Oscar Partida (the front-end manager at

the Fiesta Mart where Mendia fell) and Doris Rivera (an employee working in the meat department where Mendia fell). On August 22, 2018, shortly after Partida and Rivera were deposed, Fiesta Mart filed (1) its first amended motion for summary judgment, which asserted both traditional and no-evidence grounds, and (2) a notice of hearing on the hybrid traditional and no-evidence motion for October 8, 2018.

A month before the October 8 summary-judgment hearing, the parties filed an agreed motion for continuance of the trial, which was also set to begin on October 8. The motion for continuance stated that the parties had been diligent in conducting discovery, including "significant written discovery, as well as fact witness depositions," but that "[a]dditional time was needed to resolve the case by either motion, settlement, or trial." The motion also noted that Fiesta Mart had a motion for summary judgment set to be heard on October 8, but that if the case was not resolved via motion or mediation, "the parties will need additional time to complete discovery and prepare for trial." The trial court granted the continuance and entered a new scheduling order setting trial for June 10, 2019.

Although Mendia received notice of the October 8 hearing, a legal assistant to Mendia's counsel inadvertently calendared the hearing for October 8, 2019, rather than 2018, and therefore, Mendia did not file a response to the first amended motion for summary judgment and did not appear at the hearing. The trial court granted the first amended motion for summary judgment on October 8, 2018. Mendia's counsel

3

learned of the missed hearing, and the corresponding missed deadline to file a response, on the same day when he received an email notification that summary judgment had been granted.

On November 7, 2018, after Fiesta Mart's summary-judgment motion had been granted, Mendia filed a combined motion for leave to file late response, response in opposition to Fiesta Mart's first amended motion for summary judgment, and request for rehearing. Mendia did not request a hearing on the combined motion, and the trial court did not issue a ruling on the motion. Mendia moved for new trial on November 6, 2018.[1] Mendia did not request a hearing on the motion for new trial, and that motion was denied by operation of law.

### Post-Judgment Motion for Leave and Motion for New Trial

In her first issue, Mendia argues that the trial court abused its discretion by failing to grant her motion for leave to file a late summary-judgment response. She argues that this Court should apply the good-cause standard set forth by the Texas Supreme Court in *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002). Because Mendia's failure to file a summary-judgment response was due to a calendaring error, she argues she has met the requirements of *Carpenter* and the trial court abused its discretion in failing to grant her leave to file a late response. Alternatively, she argues that the trial court should have granted a new trial because

---

[1] Mendia also filed the same copy of the motion for new trial on November 7, 2018.

4

she met the requirements of *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939).

In response, Fiesta Mart argues we should apply the *Craddock* standard, not the *Carpenter* standard urged by Mendia. Fiesta Mart contends Mendia failed to meet the required elements of *Craddock* and the trial court therefore did not abuse its discretion by denying her motions.

## A.    Standard of Review

We review a trial court's denial of both a motion for new trial and a motion for leave to file a late summary-judgment response for abuse of discretion. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (motion for new trial); *Carpenter*, 98 S.W.3d. at 686 (motion for leave). The trial court abuses its discretion if it acts without reference to any guiding principles or acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Under an abuse-of-discretion standard, we view the evidence in the light most favorable to the trial court's actions. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied). When we consider whether the trial court abused its discretion, we may not substitute our judgment for that of the trial court unless its decision was so arbitrary that it exceeded the bounds of reasonableness. *Clarendon Nat'l Ins. Co. v. Thompson*, 199 S.W.3d 482, 494 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Accordingly, we review the evidence

submitted to the trial court in the light most favorable to that court's ruling, draw all legitimate inferences from the evidence, and defer to the trial court's resolution of conflicting evidence. *Id.*

**B.    Application of *Craddock* or *Carpenter***

In *Craddock*, the Texas Supreme Court held that a default judgment should be set aside when the defendant establishes that (1) the failure to answer was not intentional or the result of conscious indifference, but the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no undue delay or otherwise injure the plaintiff. *Craddock*, 133 S.W.2d at 126. There, the defendant was served with citation, which he forwarded to his insurance agent, who in turn forwarded the citation to the insurance company whose duty it was to defend him. *Id.* at 125. Although marked "urgent," the citation was mixed up with other mail and was not discovered until the day on which the default judgment was rendered. *Id*. Thus, the defendant did not actually realize its mistake in time to correct it before the default judgment was rendered. *Id*. Because the defendant realized his mistake only after judgment, the only potential relief available was a motion for new trial or to otherwise set aside the judgment. *Id.* at 126. This Court has applied *Craddock* to plaintiffs in the default-summary-judgment context. *See Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 345 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (applying *Craddock* test to motion for new trial

6

filed by pro se plaintiff, who appeared in person at summary-judgment hearing but failed to file written response to summary judgment motion); *Lazare v. Murillo*, No. 01-05-00688-CV, 2006 WL 2773486, at *2 (Tex. App.—Houston [1st Dist.] Sept. 28, 2006, pet. denied) (mem. op.) ("Although *Craddock* involved a default judgment based on a failure to answer, we apply the same requirements to a motion for new trial filed after a default summary judgment.").

In contrast to *Craddock*, the plaintiff in *Carpenter* learned two days before the summary-judgment hearing, well before judgment was rendered, that a timely response to the motion for summary judgment had not been filed. *Carpenter*, 98 S.W.3d 682 at 685. The Texas Supreme Court noted that in that situation, the summary-judgment rules afford a party "an opportunity to obtain additional time to file a response, either by moving for leave to file a late response or by requesting a continuance of the summary-judgment hearing." *Id.* (citing TEX. R. CIV. P. 166a(c), 251). The plaintiff there actually availed himself of those remedies by filing a motion for leave to file a late response and motion for continuance on the day of the summary-judgment hearing, before the trial court ruled on the summary-judgment motion. *Id.* at 684–86. Therefore, the Court held that the equitable *Craddock* test did not apply. *Id.* at 683–84. Instead, the Court held that a motion for leave to file a late summary-judgment response should be granted when the nonmovant establishes good cause by showing that (1) the failure to timely respond was not intentional or

the result of conscious indifference, but the result of an accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. *Id.* at 684.

*Carpenter* is distinguishable from this case because the plaintiff in *Carpenter* discovered the mistake two days before the summary-judgment hearing and took advantage of the procedural rules—by filing a motion for leave and motion for continuance of the summary-judgment hearing—before the trial court ruled on the summary-judgment motion. Unlike the plaintiff in *Carpenter*, Mendia admits she did not discover that she failed to file a response to the summary-judgment motion until after the motion had already been granted. Mendia did not file her motion for leave until one month after the trial court granted Fiesta Mart's motion for summary judgment. Under these circumstances, we conclude that *Craddock*, as opposed to *Carpenter*, applies here. We now address the *Craddock* test.

## C. *Craddock* Factors

Because it is dispositive, we address only the second prong of the *Craddock* test, which required Mendia to establish a meritorious defense. Setting up a meritorious defense under *Craddock* does not require proof "in the accepted sense." *Dolgencorp of Tex., Inc., v. Lerma*, 288 S.W.3d 922, 928 (Tex. 2009) (quoting *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966)). This does not mean that the motion should be granted if it merely alleges that the defendant "has a meritorious defense."

*Ivy*, 407 S.W.2d at 214. Rather, the motion sets up a meritorious defense if it alleges facts that in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense. *Dolgencorp*, 288 S.W.3d at 928; *Ivy*, 407 S.W.2d at 214. Applying this standard in the default-summary-judgment context, a meritorious defense is established if the movant plaintiff has prima facie evidence of her claim. *See Imkie*, 326 S.W.3d at 347.

Mendia argues that the trial court erred in denying her motion for new trial and refusing to consider her summary-judgment response because she provided "sufficient competent summary judgment evidence to preclude the rendition of summary judgment." Specifically, Mendia points to the following evidence:

- Partida's testimony that a spill in a grocery store becomes a dangerous condition when the spill occurs.

- Partida's testimony that employees are instructed to inspect their aisleways in their departments for spills "[e]very time they walk out."

- Partida's testimony that it is the store's responsibility to make sure the aisleways and floors are clean.

- Rivera's testimony that employees are told to "always be on the lookout" for spills.

- Rivera's testimony that she and other employees are "often" cleaning up spills, that they are "always wiping," and that they are cleaning up spills and fruit "just all the time."

- The surveillance video showing Rivera and another employee entering and leaving the meat section approximately six minutes before Mendia enters the meat section and slips.

9

Fiesta Mart owed Mendia, as an invitee, a duty to exercise reasonable care to protect her from dangerous conditions in the store that were either known or reasonably discoverable. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *Bendigo v. City of Houston*, 178 S.W.3d 112, 114 (Tex. App.—Houston [1st Dist.] 2005, no pet.). This duty does not, however, make the premises owner an insurer of the invitee's safety. *Gonzalez*, 968 S.W.2d at 936; *Bendigo*, 178 S.W.3d at 114. To recover damages in a slip-and-fall case, a plaintiff must prove:

(1)     Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2)     That the condition posed an unreasonable risk of harm;

(3)     That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4)     That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). The plaintiff satisfies the notice element by establishing one of three things: (1) the defendant placed a substance on the floor; (2) the defendant actually knew the substance was on the floor; or (3) it is more likely than not that the dangerous condition had existed long enough to give the premises owner a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Here, Fiesta Mart challenged the notice element of Mendia's slip-and-fall claim. Thus, Mendia was required to present prima facie evidence that Fiesta Mart

10

either placed the substance on the floor or had actual or constructive knowledge of the substance. Mendia presented no evidence that a Fiesta Mart employee placed the substance on the floor, nor did she present evidence that a Fiesta Mart employee actually knew the substance was on the floor. Therefore, she was required to present evidence of constructive knowledge or evidence that the "spill had been on the floor for a sufficient period of time that [Fiesta Mart] had a reasonable opportunity to discover it." *Id.*

Temporal evidence, i.e., evidence of the length of time the dangerous condition existed, is the best indication of whether the premises owner had a reasonable opportunity to discover and remedy the condition. *Id.* at 816 (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex. 2000)). "An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it." *Id.* (emphasis in original). Temporal evidence is necessary for the factfinder to reasonably assess the opportunity that the premises owner had to discover the condition. *Id.* A reasonable time for the owner to discover the condition varies depending upon the facts and circumstances of each case, and evidence of an employee's proximity to the hazard "will often be relevant to the analysis." *Id.* For example, if a dangerous condition is conspicuous, or an employee was in close

11

proximity to a less conspicuous hazard for a "continuous and significant period of time," an employee's proximity might shorten the time period in which the factfinder could find that the premises owner should have reasonably discovered the condition. *Id.* Regardless, "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Id.*

As the Texas Supreme Court held in *Reece*, the mere proximity of an employee to the site of an accident does not raise a fact issue on constructive notice of a dangerous condition. *Id.* at 816; *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam). The plaintiff must present some evidence of how long the hazard existed to impose liability on the premises owner. *Reece*, 81 S.W.3d at 816. Mendia presented no evidence of how long the substance was on the floor before she fell. She presented no evidence that a Fiesta Mart employee saw the spill before she fell or that it was there when Rivera was stocking in the meat department approximately six to seven minutes before the fall. In fact, Partida testified that Rivera told him she did not see the substance before Mendia fell. And Rivera herself testified at her deposition that she did not recall the incident involving Mendia at all. *See Coburn v. Toys R Us-Del., Inc.*, No. 01-09-00871-CV, 2011 WL 345936, at *5 (Tex. App.—Houston [1st Dist.] Feb. 3, 2011, no pet.) (mem. op.) (holding plaintiff failed to present fact issue as to constructive knowledge because plaintiff presented

12

no evidence of how long substance was on the floor before she fell, no evidence that a Toys R Us employee saw the spill before she fell, and no evidence that substance was there when employee made her rounds of store about fifteen to twenty minutes before plaintiff fell); *Brookshire Food Stores, L.L.C. v. Allen*, 93 S.W.3d 897, 901 (Tex. App.—Texarkana 2002, no pet.) (holding evidence legally insufficient to establish constructive knowledge when employee walked through area approximately fifteen minutes before fall and did not notice grapes on floor and plaintiff presented no evidence that others saw grapes before her fall).

Additionally, in Partida's deposition, he testified that Rivera cleaned up a white liquid off the floor after Mendia fell. As can be seen on the surveillance video, the tile floor in the meat department is white or a light color. Thus, there is no evidence that the substance on the floor was conspicuous. *Reece*, 81 S.W.3d at 816 ("There was no evidence that the spill was conspicuous—it was not large and consisted of a clear liquid on a light tile floor."). The fact that Fiesta Mart employees were instructed to clean up their aisleways and be on the lookout for spills does not equate to actual or constructive knowledge of the spill that allegedly caused Mendia to slip and fall. *See Reece*, 81 S.W.3d at 817 (concluding that evidence of store's policy requiring employees to intervene whenever there was a known hazard in store was "immaterial to the constructive-notice issue" because it was "undisputed that

13

[the employee] did not notice the hazard that he purportedly walked past; thus, the hazard was not known and the store's policy was not implicated").

Mendia also presented no evidence of "when or how the spill came to be on the floor." *See id*. Mendia acknowledged in her deposition that she did not know how long the substance had been on the floor before her fall, and she did not present such temporal evidence from any other source. And the surveillance video neither shows a substance on the floor nor the spill actually occurring. *See Gonzalez*, 968 S.W.2d at 937–38 (holding evidence legally insufficient to establish constructive knowledge when "[t]he witnesses had not seen the macaroni salad prior to the fall and had no personal knowledge of the length of time it had been on the floor"); *Molina v. HEB Grocery Co., L.P.*, No. 03-17-00343-CV, 2017 WL 4766655, at *4 (Tex. App.—Austin Oct. 19, 2017, no pet.) (mem. op.) (affirming summary judgment in favor of defendant where it was undisputed employee did not see liquid on the floor until after plaintiff fell, video surveillance did not show any substance on the floor, but instead showed numerous people walking in same area in minutes leading up to plaintiff's fall, without anyone showing signs of noticing liquid on the floor); *Cox v. H.E.B. Grocery, L.P.*, No. 03-13-00714-CV, 2014 WL 4362884, at *3 (Tex. App.—Austin Aug. 27, 2014, no pet.) (mem. op.) (holding there was legally insufficient temporal evidence where video surveillance did not show peach piece

on floor, either before or after plaintiff's fall, and therefore, it was "equally probable that the peach piece was on the floor for two minutes or two hours").

Because Mendia presented no evidence regarding how long the substance had been on the floor before her fall, or any evidence of Fiesta Mart employees' actual knowledge of the substance, we conclude that she failed to present prima facie evidence of whether Fiesta Mart had actual or constructive notice of the allegedly dangerous condition. Therefore, Mendia failed to satisfy the meritorious defense element of *Craddock*, and the trial court properly denied her motion for new trial.

We overrule Mendia's first issue.

**Motion for Summary Judgment**

In her second issue, Mendia argues that the trial court erred in granting Fiesta Mart's summary-judgment motion because (1) Fiesta Mart's no-evidence motion for summary judgment was premature and (2) Fiesta Mart failed to carry its burden on the traditional motion for summary judgment.

**A.** **Standard of Review**

When, as here, a party moves for summary judgment on both traditional and no-evidence grounds, we first address the no-evidence grounds. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). If the nonmovant fails to produce legally sufficient evidence to meet its burden as to the no-evidence motion, there is

15

no need to analyze whether the movant satisfied its burden under the traditional motion. *Id.*

We review a trial court's summary judgment de novo. *Nathan v. Whittington*, 408 S.W.3d 870, 872 (Tex. 2013) (per curiam). When the trial court does not specify the grounds for the summary judgment, we must uphold the summary judgment if any of the grounds asserted in the motion and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

A movant seeking a no-evidence summary judgment must assert that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Once the motion is filed, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements challenged in the motion. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A no-evidence motion should be granted "when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes

the opposite of the vital fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i). *Imkie*, 326 S.W.3d at 343; *see also* TEX. R. CIV. P. 166a(i). If a nonmovant wishes to assert that, based on the evidence in the record, a fact issue exists to defeat a no-evidence motion for summary judgment, the nonmovant must timely file a response to the motion raising this issue before the trial court. *Id.*

## B.     Adequate Time for Discovery

Mendia argues that the trial court erred in granting the no-evidence summary judgment because she did not have adequate time for discovery and thus the motion was premature. A party may move for a no-evidence summary judgment only "[a]fter adequate time for discovery." TEX. R. CIV. P. 166a(i). The rule does not require that discovery must have been completed, only that there was "adequate time." *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). In determining whether the trial court has permitted an adequate time for discovery, we generally consider the following non-exclusive factors: (1) the nature of the cause of action; (2) the nature of the evidence necessary to controvert the no-evidence motion; (3) the length of time the case has been active

17

in the trial court; (4) the amount of time the no-evidence motion has been on file; (5) whether the movant has requested stricter time deadlines for discovery; (6) the amount of discovery that has already taken place; and (7) whether the discovery deadlines that are in place are specific or vague. *Madison v. Williamson*, 241 S.W.3d 145, 155 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

In support of her contention that an adequate time for discovery had not yet passed, Mendia points to the fact that, after Fiesta Mart filed its amended motion for summary judgment, the parties filed a joint agreed motion for continuance and request for a new docket control order. She argues that because the parties jointly requested additional time to conduct discovery in the motion for continuance, this demonstrates adequate time for discovery had not passed, and therefore, the no-evidence motion for summary judgment was premature.

We disagree. Although Mendia notes that the parties requested additional time for discovery in their motion for continuance, she does not address the fact that the parties were requesting a continuance of the trial, not the summary-judgment hearing, both of which were set for October 8, 2018. She also does not address the fact that the parties stated in their motion that they had been diligent in conducting discovery, including significant written discovery and fact witness depositions, but that "[a]dditional time was needed to resolve the case by either motion, settlement, or trial." The parties also noted in the motion that Fiesta Mart's summary judgment

18

was set for October 8 and that the parties were in the process of scheduling mediation, but "[s]hould the case not be resolved, the parties will need additional time to complete discovery and prepare for trial." The trial court granted the motion and entered a new scheduling order, which extended the discovery period to May 2019 and reset the trial for June 2019.

Thus, it is clear from reviewing the entire motion for continuance that the parties were aware of the pending motion for summary judgment at the time they moved for a continuance. In fact, the motion for continuance reflects that the parties sought a continuance of the trial, which was set on the same day as the summary-judgment hearing, to allow the trial court to rule on the pending summary-judgment motion, or to permit the parties to pursue resolution through mediation. If the case was not resolved, it was then that the parties requested additional time to "complete discovery and prepare for trial." *Fuqua*, 29 S.W.3d at145 (Rule 166a(i) does not require discovery to be completed before a no-evidence motion is filed, just that there was an "adequate time" for discovery).

Further, "[w] hen a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *see also Lindsey Constr., Inc. v. AutoNation Fin. Servs.*, *LLC*, 541 S.W.3d 355, 360 (Tex.

19

App.—Houston [14th Dist.] 2017, no pet.) (same). Mendia has made no effort to identify, either on appeal or to the trial court, any specific evidence she needed to respond to Fiesta Mart's no-evidence motion. Neither did she move for a continuance of the *summary-judgment hearing* in the trial court to allow for additional time for discovery. We do not construe the agreed motion for continuance of the trial, which was filed in part to allow the trial court an opportunity to rule on the pending motion for summary judgment, to be sufficient to preserve the issue of adequate time for discovery.

Mendia did file an objection and response to Fiesta Mart's original motion for summary judgment, in which she asserted that she had not been afforded adequate time for discovery. She argues on appeal that these objections may be considered and applied to Fiesta Mart's first amended motion for summary judgment. But Mendia's objection and response, even if applicable to the first amended motion for summary judgment, was neither verified nor included an affidavit setting forth any necessary evidence outstanding. *See Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 866–67 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (noting that nonmovant failed to provide any explanation for why any of the requested additional discovery was necessary or material); *Doe v. Roman Catholic Archdiocese of Galveston–Hous. ex rel. Dinardo*, 362 S.W.3d 803, 809 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("The affidavit must explain why the continuance is necessary;

20

conclusory allegations are insufficient."). Moreover, as Mendia states in her brief, Fiesta Mart passed on its original summary-judgment hearing to allow for two of its employees to be deposed. Fiesta Mart did not file its amended motion for summary judgment until after those two depositions were conducted.

Here, Mendia filed her petition in September 2017. Almost a year later, in August 2018, Fiesta Mart filed its first amended motion for summary judgment. The trial court heard the motion in October 2018, thirteen months after Mendia filed suit. In that time, the parties were "diligent in conducting discovery," which included "[s]ignificant written discovery" and the depositions of Mendia and two Fiesta Mart employees. Mendia did not specify below, or on appeal, any particular evidence that she was unable to obtain during the thirteen months the suit was on file before the trial court ruled on Fiesta Mart's no-evidence motion. Under these circumstances, we conclude that Mendia has failed to show that the trial court erred in granting the no-evidence summary judgment because she did not have an adequate time for discovery.

## C.    The Trial Court Properly Granted Fiesta Mart's No-Evidence Motion for Summary Judgment

We first address the no-evidence portion of Fiesta Mart's first amended summary judgment motion. *See Merriman*, 407 S.W.3d at 248. Fiesta Mart identified the elements of Mendia's premises liability claim for which there was no evidence, and the motion was neither conclusory nor a general no-evidence

21

challenge. *See* TEX. R. CIV. P. 166a(i); *Imkie*, 326 S.W.3d at 343. Fiesta Mart asserted it was entitled to a summary judgment on Mendia's premises liability claim because there was no evidence that Fiesta Mart had actual or constructive knowledge of an unreasonably dangerous condition.

This no-evidence motion for summary judgment challenged the knowledge element of a premises liability claim. *See Gonzalez*, 968 S.W.2d at 936 (in slip-and-fall case plaintiff must prove: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries). The record shows Mendia received timely notice of Fiesta Mart's first amended summary judgment motion, and Mendia admits as much in her brief. Mendia failed to file a timely written response to Fiesta Mart's no-evidence motion for summary judgment, as required by the rules governing summary judgments. *See* TEX. R. CIV. P. 166a(i).[2] Furthermore, although Mendia moved for leave to file a late response, she did so a

---

[2]    The nonmovant has no burden to respond to a traditional motion for summary judgment unless the movant conclusively establishes its cause of action or defense. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). Here, however, Fiesta Mart moved for both traditional and no-evidence summary judgment. The trial court thus was required to grant the no-evidence motion for summary judgment if it met the requirements of Rule 166a(i), in the absence of a timely response by Mendia. *See Imkie*, 326 S.W.3d at 343.

month after the trial court ruled on the amended motion for summary judgment and the trial court never ruled on her motion for leave. Because Mendia failed to file a timely response to Fiesta Mart's no-evidence motion for summary judgment, we hold the trial court properly rendered summary judgment in favor of Fiesta Mart. *Imkie*, 326 S.W.3d at 343–44 (holding trial court did not err in granting no-evidence motion for summary judgment in absence of timely response).

We overrule Mendia's second issue.[3]

## Conclusion

We affirm the judgment of the trial court.

Amparo Guerra
Justice

Panel consists of Justices Kelly, Guerra, and Farris.

---

[3] Because we conclude the trial court properly granted Fiesta Mart's motion for summary judgment on no-evidence grounds, we do not address Mendia's challenge to the trial court's ruling on the traditional grounds asserted in the first amended motion for summary judgment. *See* TEX. R. APP. P. 47.1; *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).