

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-24-00307-CV

---

Arturo Diaz, Individually, and AD II Improvements, L.L.C., Appellants

v.

Herc Rentals, Inc., f/k/a Hertz Equipment Rental Corporation, Appellee

---

On Appeal from the 41st Judicial District Court
El Paso County, Texas
Trial Court No. 2021DCV2702

---

## MEMORANDUM OPINION

In 2016, Appellee Herc Rentals, Inc., f/k/a Hertz Equipment Rental Corporation, was awarded a judgment against AD Improvements, Inc. (AD I) because AD I failed to pay invoices for the rental of heavy equipment from Herc. That judgment also went unpaid and, in August 2021, Herc filed fraudulent transfer claims against Appellants Arturo Diaz, who was the sole owner and manager of AD I, and AD II improvements, L.L.C. (AD II), the company that Diaz formed shortly

before the 2016 judgment was granted. After a bench trial, the trial court granted judgment for Herc, finding Diaz and AD II jointly and severally liable for the full amount of the 2016 judgment plus interest, attorney's fees, costs, and expenses. We hold that Herc's claims were extinguished by the statute of repose, and we reverse and render judgment dismissing Herc's suit.

## I. BACKGROUND

### A. AD I and the prior judgment

AD I, originally a sole proprietorship, was incorporated by Diaz in 2012. AD I primarily performed commercial construction. AD I's office at the times relevant to this suit was Diaz's home. Diaz had both employees and independent contractors.[1] Diaz testified that AD I did not own any assets and rented equipment and machinery when it was needed. One such company from which AD I rented equipment was Herc. In August 2015, Herc Rentals sued AD I for failing to pay invoices. The trial court in that case granted summary judgment for Herc in November 2016, awarding it a judgment of $75,593.34, attorney's fees of $5,760.00, pre-and post-judgment interest, and costs.

### B. Formation of AD II

In October 2016, about one month before the summary judgment against AD I, Diaz formed AD II, of which Diaz was the sole member. AD II, like AD I, performed commercial construction work and used Diaz's residence as its office. AD II also used the same employees and independent contractors that AD I had used.

---

[1] Diaz said he did not remember how many employees AD I had, but he thought probably less than ten and they were both salaried and hourly.

### C. Suit for fraudulent transfer

In August 2021, Herc filed the present suit against Diaz and AD II seeking to hold them liable for the judgment against AD I. It asserted that Diaz "violated the Texas Uniform Fraudulent Transfer Act (TUFTA) by forming AD II while the litigation against AD [I] was pending and intentionally hindering or delaying Herc's ability to collect on a judgment against AD [I] by transferring all business from AD [I] to AD II."[2] In response, Appellants asserted several affirmative defenses including, as relevant to this appeal, the statute of repose.

At trial in the fraudulent transfer suit, Diaz testified that he formed AD II because an attorney advised him, "you don't need to worry about this judgment; you can start your own company somewhere else[.]"Diaz denied transferring any assets from AD I to AD II. He stated that he opened a new bank account when he formed AD II and that he did not transfer any funds from AD I's account to AD II's. Diaz also said there were no tangible assets to be transferred from AD I to AD II. Diaz testified that AD II did not continue to work on projects that initiated with AD I. However, he also admitted that he "had a prior relationship with some of [AD I's] customers" that are now customers of AD II. Specifically, Diaz secured work first through AD I and then through AD II to remodel rooms for Chase Suite Hotel.

Herc acknowledged that AD I had "very little" tangible property that was transferred to AD II—"probably a computer, maybe some office equipment." It clarified that its claims were based only on the transfer of goodwill, an intangible asset. When the court asked Herc for the value of the goodwill it alleged was transferred, Herc argued that the trial court should find that it is the

---

[2] Herc also asserted causes of action for unpaid account, breach of contract, quantum meruit, and fraudulent misrepresentation. Herc abandoned its claims for unpaid account and breach of contract and the trial court concluded that the fraudulent misrepresentation and quantum meruit claims were barred by the statute of limitations. Therefore, the only cause of action before us on appeal is fraudulent transfer.

amount owed under the prior judgment because "had [Diaz] continued to work under [AD I], that amount of money could potentially have been paid off[.]"

The trial court granted judgment for Herc, awarding judgment against Diaz and AD II jointly and severally for $91,082.13 (the principal amount owed pursuant to the prior judgment), pre-judgment interest through April 25, 2024 of $21,189.70, pre-judgment interest from April 26, 2024 until the date of trial at 14% per annum, court costs, and attorney's fees of $21,138.95 plus additional fees in the event of unsuccessful appeals.

Diaz and AD II filed this appeal, arguing that the trial court erred in holding them liable under TUFTA for four reasons: (1) Diaz cannot be liable for fraudulent transfer because the judgment debtor was AD I; (2) Herc's claims were barred by the statute of repose; (3) there was insufficient evidence of a transfer of AD I's assets; and (4) Diaz's personal goodwill was not an asset of AD I. Because it is dispositive, we discuss only Appellants' second issue.

## II. APPLICABLE LAW

### A. The Texas Uniform Fraudulent Transfer Act

TUFTA "is designed to protect creditors from being defrauded or left without recourse due to the actions of unscrupulous debtors." *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 89 (Tex. 2015). Specifically, TUFTA provides a remedy when debtors try to avoid collection "by placing assets beyond [the creditor's] reach." *Id.* (quoting *Corpus v. Arriaga*, 294 S.W.3d 629, 634 (Tex. App.—Houston [1st Dist.] 2009, no pet.)). A debtor violates TUFTA if, despite obligations to a creditor, it transferred assets or incurred obligations:

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

4

(A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

Tex. Bus. & Com. Code Ann. § 24.005(a)(1), (2); *Qui Phuoc Ho v. MacArthur Ranch, LLC*, No. 05-14-00741-CV, 2015 WL 5093273, at *3 (Tex. App.—Dallas Aug. 28, 2015, pet. denied) (mem. op.). In this case, Herc alleged a violation under § 24.005(a)(1), claiming that Diaz "intentionally hinder[ed] or delay[ed] Herc's ability to collect on a judgment against AD [I] by transferring all business from AD [I] to AD II."

In a TUFTA case, a creditor can seek a number of equitable remedies, such as "avoidance of the transfer or obligation" or "attachment of the transferred property." Tex. Bus. & Com. Code Ann. § 24.008(a)(1), (2). A creditor can also, as Herc did in this case, seek monetary damages which are limited to "the value of the asset transferred . . . or the amount necessary to satisfy the creditor's claim, whichever is less." *Id*. § 24.009(b); *Wylie v. Simmons*, No. 02-19-00241-CV, 2020 WL 7776796, at *18 (Tex. App.—Fort Worth Dec. 31, 2020, pet. denied) (mem. op.); *Enshikar v. Zaid*, No. 14-18-00933-CV, 2020 WL 6203348, at *7 (Tex. App.—Houston [14th Dist.] Oct. 22, 2020, no pet.) (mem. op.).

**B. Statute of repose**

Section 24.010 of the Texas Business and Commerce Code prescribes the period for filing TUFTA claims, but "is a statute of repose, rather than a statute of limitations." *Nathan v. Whittington*, 408 S.W.3d 870, 874 (Tex. 2013). "By its own terms, the provision does not just procedurally bar an untimely claim, it substantively 'extinguishes' the cause of action." *Id.* A TUFTA cause of action under § 24.005(a)(1) must be brought "within four years after the transfer

was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant[.]" Tex. Bus. & Com. Code Ann. § 24.010(a)(1).[3] In analyzing TUFTA's discovery rule, courts look to analyses of the common law discovery rule exception to the statute of limitations. *Zenner v. Lone Star Striping & Paving, L.L.C.*, 371 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Ching Enterprises, Inc. v. Barahona*, No. 14-14-00171-CV, 2016 WL 4706074, at *4 (Tex. App.— Houston [14th Dist.] Sept. 8, 2016, pet. denied) (mem. op.). The discovery rule does not defer accrual "until a plaintiff knows *all facts* relating to an allegedly fraudulent act or the full extent of her injuries." *Ching Enterprises*, 2016 WL 4706074, at *4 (emphasis added) (citing *PPG Indus., Inc. v. JMB/Houston Ctr. Partners Ltd. P'ship*, 146 S.W.3d 79, 93–94 (Tex. 2004). Instead, the discovery rule delays the accrual of a cause of action "only until the plaintiff discovers the injury or acquires knowledge of facts which, in the exercise of reasonable diligence, would lead to discovery of the wrongful act and resulting injury." *Id.*

## III. ANALYSIS

Diaz formed AD II on October 18, 2016. Any transfer of goodwill, the only asset alleged to have been transferred from AD I to AD II, would have occurred on that date. Herc filed the present suit on August 5, 2021, more than four years after the alleged transfer, but claims that its suit was timely because it was filed within one year of its learning of the transfer. Appellants contend that the four-year period of repose was not extended because Herc could have reasonably discovered the alleged transfer of goodwill within the four-year limitations period.[4]

---

[3] Claims made under sections of TUFTA other than § 24.005(a)(1) have no provisions extending the limitations period if the violation was discovered after four years. Tex. Bus. & Com. Code Ann. § 24.010(a), (b). Since Herc's claim was brought under § 24.005(a)(1), we discuss only the statute of repose for that section.

[4] Diaz also contends that he cannot be liable under TUFTA because there was no evidence that AD I transferred assets *to* him. Herc responds that Diaz is liable because, as the sole owner of AD I, he was responsible for conducting any

## A. Trial court's finding

The trial court made the following finding of fact:

> By proffer to the Court during argument by counsel for the Plaintiff and the Defense, the post-judgment deposition of Arturo Diaz was taken on March 26, 2021. At said deposition, Plaintiff [Herc] first learned that the company "AD Improvements" had been converted from a corporation to a limited liability corporation[.]

Based on these findings, the trial court concluded:

> [Herc]'s fraudulent transfer claim is not barred by the statute of limitations because it discovered the fraudulent transfer at Arturo Diaz's post-judgment deposition on March 26, 2021.

> The discovery of the fraudulent transfer at Arturo Diaz'[s] deposition on March 26, 2021 was reasonable.

We defer to the trial court's findings of fact unless they are not supported by any evidence. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696–97 (Tex. 1986). We review the trial court's legal conclusions based on the facts de novo. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).

## B. Evidence of discovery and diligence

Appellants argue that, as a matter of law, Herc could have reasonably discovered any fraudulent transfer of assets within four years because the formation of AD II was a matter of public record and could have been discovered through a search of the Secretary of State website.[5] In the context of the discovery rule, the Texas Supreme Court has held that "when there is actual or constructive notice, or when information is '*readily accessible and publicly available*,' [] then,

---

transfer. We do not reach this question because, even if Diaz could be liable, the statute of repose extinguishes Herc's claims. However, our holding should not be construed as a determination that Diaz is a proper party under TUFTA.

[5] In addition, the forfeiture of AD I's charter was also a matter of public record.

as a matter of law, the accrual of a fraud claim is not delayed." *Hooks v. Samson Lone Star, Limited Partnership*, 457 S.W.3d 52, 59 (Texas. 2015) (emphasis added) (quoting *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929 (Tex. 2011). One exception to this general rule is when, despite publicly available information, the party has no reason to monitor that information). *See, e.g., Archer v. Tregellas*, 566 S.W.3d 281, 292 (Tex. 2018) (holder of right of first refusal "generally has no reason to believe that his interest may have been impaired" and so would not continually monitor records for evidence of such an impairment). However, we need not decide whether the public records in this case compel a conclusion that the transfer could have been reasonably discovered because the trial court's finding is not supported by the evidence.

Before analyzing the evidence, we must clarify who had the burden of proof. Although the party asserting an affirmative defense (Appellants in this case) has the burden of proving the elements of that defense, the party seeking to avoid the statute of limitations with the discovery rule (here, Herc) "bear[s] the burden of proving and securing favorable findings thereon." *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988).[6] "The party asserting the discovery rule should bear this burden, as it will generally have greater access to the facts necessary to establish that it falls within the rule." *Id.* Although the *Woods* case involved the common law discovery rule, its rationale holds true for the TUFTA discovery rule as well. Consequently, because Herc sought to avoid the four-year statute of repose, it had the burden of proving that it filed suit "within one year after the transfer or obligation was or could reasonably have been discovered by the claimant[.]" Tex. Bus. & Com. Code Ann. § 24.010(a)(1).

---

[6] This is not true in the summary judgment context where the defendant must conclusively negate the application of the discovery rule if the plaintiff has pleaded it. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 n. 2 (Tex. 1988). "However, where the case proceeds to trial with a fact question as to when the plaintiff discovered, it is the plaintiff who benefits by the discovery rule who must ensure that such an issue is submitted." *Id*.

In its brief, Herc asserts that it learned of the alleged transfer of goodwill at Diaz's deposition on March 26, 2021, when, it says, it obtained bank records and Diaz admitted that he started a new company to avoid debt obligations.[7] However, Herc does not cite any evidence in the record to support its claim about when and how it learned of the transfer, when it received bank records, or what Diaz testified to at his deposition. And we find no evidence in our review of the record.[8] The only mention of what Herc discovered and when was the following statement made by Herc's attorney in closing: "And so when we finally got [Diaz's deposition], that's when we finally discovered and that's when we received his testimony that–And as he testified today, it was really the intent of Mr. Grissom's people to use this equipment." First, an attorney's unsworn statements are not evidence. *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (per curiam). Second, Herc's attorney was discussing when Herc allegedly learned that someone other than Diaz or AD I was using its equipment—facts relevant to its misrepresentation claim (which is not before us on appeal), not its fraudulent transfer claim. Finally, even had Herc presented evidence that it did not discover the transfer of goodwill until it deposed Diaz, it still would not have met its burden. To extend the limitations period, Herc had to show not just that it discovered the transfer after the limitations period had run, but also that that it could not reasonably have discovered the transfer before then. Tex. Bus. & Com. Code Ann. § 24.010(a)(1). Herc presented no evidence that it could not have discovered the transfer.

In the absence of evidence about when Herc learned facts that would lead to the discovery of the alleged transfer of goodwill and whether it could have discovered it earlier, the trial court's

---

[7] Herc fails to explain how the bank records were necessary to alert them to a fraudulent transfer when the only asset alleged to have been transferred is goodwill.

[8] Diaz's deposition was not admitted into evidence.

9

finding is not supported by the evidence and the trial court's conclusion of law based on that finding is error. Appellants' second issue is sustained.

## IV. CONCLUSION

Herc presented no evidence at trial to support extending the four-year statute of repose. We reverse the decision of the trial court and render judgment dismissing Herc's case.


MARIA SALAS MENDOZA, Chief Justice


March 13, 2026

Before Salas Mendoza C.J., Palafox and Soto, JJ.
Palafox, J., dissenting (opinion forthcoming)